**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

```
--------------------------------------------------------------X
                                                              :
DK ACQUISITION PARTNERS, L.P.,                                :
KENSINGTON INTERNATIONAL LIMITED,                             :
RUSHMORE CAPITAL-I, L.L.C., RUSHMORE                          :
CAPITAL-II, L.L.C., and SPRINGFIELD                           :
ASSOCIATES, LLC.,                                             :
                                                              :
                                                              :
                                  Plaintiffs,                 :
                                                              :
                                                              :
                  v.                                          :      Case No. 08 Civ. 446 (LTS)
                                                              :
                                                              :
JPMORGAN CHASE & CO., JPMORGAN                                :
CHASE BANK, J.P. MORGAN SECURITIES,                           :
INC., CITIGROUP INC., CITIBANK, N.A. and                      :
CITIGROUP GLOBAL MARKETS, INC. f/k/a                          :
Salomon Smith Barney,                                         :
                                                              :
                                                              :
                                  Defendants.                 :
--------------------------------------------------------------X
```

**ANSWER AND COUNTERCLAIM OF DEFENDANTS JPMORGAN CHASE &**
**CO., JPMORGAN CHASE BANK, AND J.P. MORGAN SECURITIES, INC. TO**
**PLAINTIFFS' SECOND AMENDED COMPLAINT**

SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, NY  10017
Telephone:  (212) 455-2000
Facsimile:  (212) 455-2502

*Attorneys for Defendants J.P. Morgan*
*Chase & Co., JPMorgan Chase Bank and*
*J.P. Morgan Securities, Inc.*

Come now Defendants J.P. Morgan Chase & Co. ("JPMC & Co."), JPMorgan Chase Bank ("JPMC Bank"), and J.P. Morgan Securities, Inc. ("JPMSI") (collectively, the "JPMC Defendants") and hereby state their answer to the Plaintiffs' Second Amended Complaint ("Complaint"), dated March 25, 2008.  The JPMC Defendants state that all the allegations in the Complaint, unless specifically admitted, are denied.  The JPMC Defendants, by their undersigned attorneys, answer the Complaint's numbered paragraphs as follows:

1.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 insofar as they relate to parties other than the JPMC Defendants, and deny the allegations contained in paragraph 1 to the extent such allegations are directed against the JPMC Defendants.

2.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 insofar as they relate to parties other than the JPMC Defendants, and deny the allegations contained in paragraph 2 to the extent such allegations are directed against the JPMC Defendants, except admit that The Chase Manhattan Bank participated in, and was a Co-Administrative Agent for, a $1.25 billion revolving credit agreement dated May 18, 2000 (the "2000 Credit Facility") and a $1.75 billion revolving credit agreement dated May 14, 2001 (the "2001 Credit Facility") (collectively, the "2000 and 2001 Credit Facilities" or the "Credit Agreements"), pursuant to which Enron Corp. ("Enron") was the borrower and numerous financial institutions were participating lenders ("Participating Lenders").

3.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3, except admit, upon information and

belief, that on October 25, 2001, Enron drew down $3 billion under the 2000 and 2001 Credit Facilities, and admit, upon information and belief, that Enron filed for bankruptcy on December 2, 2001.

4.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 insofar as they relate to parties other than the JPMC Defendants, and deny the allegations contained in paragraph 4 to the extent such allegations are directed against the JPMC Defendants.

5-6.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 5-6 insofar as they relate to parties other than the JPMC Defendants, and deny the allegations contained in paragraphs 5-6 to the extent such allegations are directed against the JPMC Defendants.

7-8.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 7-8 insofar as they relate to parties other than the JPMC Defendants, and deny the allegations contained in paragraphs 7-8 to the extent such allegations are directed against the JPMC Defendants, and respectfully refer to the Credit Agreements for the contents thereof.

9-10.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 9-10 insofar as they relate to parties other than the JPMC Defendants, and deny the allegations contained in paragraphs 9-10 to the extent such allegations are directed against the JPMC Defendants.

11-17.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 11-17.

18.      Deny the allegations contained in paragraph 18.

19.     Admit the allegations contained in paragraph 19.

20.     Deny the allegations contained in paragraph 20, except admit that JPMC Bank is a national banking association that maintains a place of business in New York, and admit that JPMC Bank is a subsidiary of JPMC & Co.

21.     Deny the allegations contained in paragraph 21, except admit that JPMSI is a subsidiary of JPMC & Co., and admit that JPMSI is a Delaware corporation with offices in New York, and admit that one of JPMSI's predecessors was Chase Securities Inc.

22-24.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 22-24.

25-28.  State that the allegations contained in paragraphs 25-28 state legal or other conclusions that do not require a response.

29-31.  State that the allegations contained in paragraphs 29-31 state legal or other conclusions that do not require a response.

32-33.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 32-33, and respectfully refer to the Credit Agreements for the contents thereof.

34.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34, except admit that Enron sent a Notice of Borrowing under each Credit Agreement on October 25, 2001 (the "Notices of Borrowing"), and respectfully refer to the Notices of Borrowing for the contents thereof.

35-38.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 35-38, except admit that Enron issued a

Notice of Borrowing under each Credit Agreement on October 25, 2001, and respectfully refer to the Notices of Borrowing and the Credit Agreements for the contents thereof.

39.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 insofar as they relate to parties other than the JPMC Defendants, and deny the allegations contained in paragraph 39 to the extent such allegations are directed against the JPMC Defendants.

40.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40.

41.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 insofar as they relate to parties other than the JPMC Defendants, and deny the allegations contained in paragraph 41 to the extent such allegations are directed against the JPMC Defendants, except admit, on information and belief, that Andrew Fastow gave a deposition in cases related to Enron.

42.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 insofar as they relate to parties other than the JPMC Defendants, and deny the allegations contained in paragraph 42 to the extent such allegations are directed against the JPMC Defendants, except admit that a conference call concerning Enron's Notices of Borrowing under the Credit Agreements took place on October 25, 2001.

43-44.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 43-44 insofar as they relate to parties other than the JPMC Defendants, and deny the allegations contained in paragraphs 43-44 to the extent such allegations are directed against the JPMC Defendants.

45.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 insofar as they relate to parties other than the JPMC Defendants, and deny the allegations contained in paragraph 45 to the extent such allegations are directed against the JPMC Defendants, except admit, on information and belief, that Enron filed for bankruptcy on December 2, 2001.

46.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 insofar as they relate to parties other than the JPMC Defendants, and deny the allegations contained in paragraph 46 to the extent such allegations are directed against the JPMC Defendants.

47-48.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 47-48 insofar as they relate to parties other than the JPMC Defendants, and deny the allegations contained in paragraphs 47-48 to the extent such allegations are directed against the JPMC Defendants.

49-50.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 49-50 insofar as they relate to parties other than the JPMC Defendants, and deny the allegations contained in paragraphs 49-50 to the extent such allegations are directed against the JPMC Defendants, except admit that certain affiliates of JPMC & Co., or its predecessors, engaged in various transactions with Enron or its affiliates, and further aver that the JPMC Defendants did not engage in any wrongdoing in connection with those transactions.

51-55.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 51-55 insofar as they relate to parties other than the JPMC Defendants, and deny the allegations contained in paragraphs 51-55

to the extent such allegations are directed against the JPMC Defendants, except admit that JPMC Bank, or its predecessor, The Chase Manhattan Bank, had involvement with certain prepaid commodity transactions involving Enron or its affiliates and certain special purpose entities, including Mahonia Limited. The JPMC Defendants further aver that they did not engage in any wrongdoing in connection with Enron-related prepaid commodity transactions.

56.     Deny the allegations contained in paragraph 56, and respectfully refer to the documents cited in paragraph 56 for the contents thereof.

57-59.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 57-59 insofar as they relate to parties other than the JPMC Defendants, and deny the allegations contained in paragraphs 57-59 to the extent such allegations are directed against the JPMC Defendants, except admit that JPMC Bank, or its predecessor, The Chase Manhattan Bank, had involvement with certain prepaid commodity transactions involving Enron or its affiliates and certain special purpose entities, including Mahonia Limited. The JPMC Defendants further aver that they did not engage in any wrongdoing in connection with Enron-related prepaid commodity transactions.

60-65.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 60-65 insofar as they relate to parties other than the JPMC Defendants, and deny the allegations contained in paragraphs 60-65 to the extent such allegations are directed against the JPMC Defendants, except admit that JPMC Bank, or its predecessor, The Chase Manhattan Bank, had involvement with certain prepaid commodity transactions involving Enron or its affiliates and certain

special purpose entities, including Mahonia Limited.  The JPMC Defendants further aver that they did not engage in any wrongdoing in connection with Enron-related prepaid commodity transactions.

66-69.  Deny the allegations contained in paragraphs 66-69, and respectfully refer to the documents cited in paragraphs 66-69 for the contents thereof.

70.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70 insofar as they relate to parties other than the JPMC Defendants, and deny the allegations contained in paragraph 70 to the extent such allegations are directed against the JPMC Defendants.

71-72.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 71-72 insofar as they relate to parties other than the JPMC Defendants, and deny the allegations contained in paragraphs 71-72 to the extent such allegations are directed against the JPMC Defendants, and respectfully refer to the documents cited in paragraphs 71-72 for the contents thereof.

73-74.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 73-74 insofar as they relate to parties other than the JPMC Defendants, and deny the allegations contained in paragraphs 73-74 to the extent such allegations are directed against the JPMC Defendants.

75.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 75 insofar as they relate to parties other than the JPMC Defendants, and deny the allegations contained in paragraph 75 to the extent such allegations are directed against the JPMC Defendants, except admit that on

October 25, 2001 JPMorgan Chase Bank funded its commitments under the 2000 and 2001 Credit Facilities.

76.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 76 insofar as they relate to parties other than the JPMC Defendants, and deny the allegations contained in paragraph 76 to the extent such allegations are directed against the JPMC Defendants.

77.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 77 insofar as they relate to parties other than the JPMC Defendants, and deny the allegations contained in paragraph 77 to the extent such allegations are directed against the JPMC Defendants, except admit that The Chase Manhattan Bank was a co-administrative agent for the 2000 and 2001 Credit Facilities.

78-82.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 78-82 insofar as they relate to parties other than the JPMC Defendants, and deny the allegations contained in paragraphs 78-82 to the extent such allegations are directed against the JPMC Defendants, and respectfully refer to the April 25, 2000 Informational Memorandum cited in paragraphs 78-82 for the contents thereof.

83-87.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 83-87 insofar as they relate to parties other than the JPMC Defendants, and deny the allegations contained in paragraphs 83-87 to the extent such allegations are directed against the JPMC Defendants, except admit that Chase Manhattan Bank was a co-administrative agent for the May 2000 Credit

Agreement, and respectfully refer to the provisions of the May 2000 Credit Agreement cited in paragraphs 83-87 for the contents thereof.

88.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 88 insofar as they relate to parties other than the JPMC Defendants, and deny the allegations contained in paragraph 88 to the extent such allegations are directed against the JPMC Defendants.

89-93.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 89-93 insofar as they relate to parties other than the JPMC Defendants, and deny the allegations contained in paragraphs 89-93 to the extent such allegations are directed against the JPMC Defendants, and respectfully refer to the April 20, 2001 Invitation to Offer cited in paragraphs 89-93 for the contents thereof.

94-98.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 94-98 insofar as they relate to parties other than the JPMC Defendants, and deny the allegations contained in paragraphs 94-98 to the extent such allegations are directed against the JPMC Defendants, except admit that The Chase Manhattan Bank was a co-administrative agent for the May 2001 Credit Agreement, and respectfully refer to the provisions of the May 2001 Credit Agreement cited in paragraphs 94-98 for the contents thereof.

99.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 99 insofar as they relate to parties other than the JPMC Defendants, and deny the allegations contained in paragraph 99 to the extent such allegations are directed against the JPMC Defendants, and respectfully refer

9

to the provisions of the May 2001 Credit Agreement cited in paragraph 99 for the contents thereof.

100.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 100 insofar as they relate to parties other than the JPMC Defendants, and deny the allegations contained in paragraph 100 to the extent such allegations are directed against the JPMC Defendants, except admit that a conference call concerning Enron's Notices of Borrowing under the Credit Agreements took place on October 25, 2001.

101.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 101 insofar as they relate to parties other than the JPMC Defendants, and deny the allegations contained in paragraph 100 to the extent such allegations are directed against the JPMC Defendants, except admit, on information and belief, that representatives of certain of the Lenders telephoned George Serice on October 25, 2001.

102-104.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 102-104 insofar as they relate to parties other than the JPMC Defendants, and deny the allegations contained in paragraphs 102-104 to the extent such allegations are directed against the JPMC Defendants, except admit that a conference call concerning Enron's Notices of Borrowing under the Credit Agreements took place on October 25, 2001.

105-108.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 105-108 insofar as they relate to

parties other than the JPMC Defendants, and deny the allegations contained in paragraphs 105-108 to the extent such allegations are directed against the JPMC Defendants.

109-176.    State that paragraphs 109-176 are not directed toward the JPMC Defendants. Insofar as any response is required to paragraphs 109-176 by the JPMC Defendants, the JPMC Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 109-176 insofar as they relate to parties other than the JPMC Defendants, and deny the allegations contained in paragraphs 109-176 to the extent such allegations are directed against the JPMC Defendants.

177-178.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 177-178 insofar as they relate to parties other than the JPMC Defendants, and deny the allegations contained in paragraphs 177-178 to the extent such allegations are directed against the JPMC Defendants, and respectfully refer to the Credit Agreements for the contents thereof.

179.    State that the allegations contained in paragraph 179 state legal or other conclusions that do not require a response. To the extent a response is required, the JPMC Defendants deny the allegations contained in paragraph 179.

180-181.    Deny the allegations contained in paragraphs 180-181, and respectfully refer to the provisions of the May 2000 Credit Agreement and the May 2001 Credit Agreement cited in paragraphs 180-181 for the contents thereof.

182.    State that the allegations contained in paragraph 182 state legal or other conclusions that do not require a response. To the extent a response is required, the JPMC Defendants deny the allegations contained in paragraph 182.

183-190.    State that paragraphs 183-190 are not directed toward the JPMC Defendants.  Insofar as any response is required to paragraphs 183-190 by the JPMC Defendants, the JPMC Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 183-190 insofar as they relate to parties other than the JPMC Defendants, and deny the allegations contained in paragraphs 183-190 to the extent such allegations are directed against the JPMC Defendants.

## ANSWERING THE FIRST CLAIM FOR RELIEF

191.    Repeat and incorporate their responses to the allegations contained in the paragraphs referred to in paragraph 191 as if set forth fully herein.

192-201.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 192-201 insofar as they relate to parties other than the JPMC Defendants, and deny the allegations contained in paragraphs 192-201 to the extent such allegations are directed against the JPMC Defendants.

## AS TO THE SECOND CLAIM FOR RELIEF

202.    Repeat and incorporate their responses to the allegations contained in the paragraphs referred to in paragraph 202 as if set forth fully herein.

203-211.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 203-211 insofar as they relate to parties other than the JPMC Defendants, and deny the allegations contained in paragraphs 203-211 to the extent such allegations are directed against the JPMC Defendants.

## AS TO THE FIFTH CLAIM FOR RELIEF

212.   Repeat and incorporate their responses to the allegations contained in the paragraphs referred to in paragraph 212 as if set forth fully herein.

213-221.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 213-221 insofar as they relate to parties other than the JPMC Defendants, and deny the allegations contained in paragraphs 213-221 to the extent such allegations are directed against the JPMC Defendants.

## AS TO THE SIXTH CLAIM FOR RELIEF

222.   Repeat and incorporate their responses to the allegations contained in the paragraphs referred to in paragraph 222 as if set forth fully herein.

223-230.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 223-230 insofar as they relate to parties other than the JPMC Defendants, and deny the allegations contained in paragraphs 223-230 to the extent such allegations are directed against the JPMC Defendants.

## AS TO THE EIGHTH CLAIM FOR RELIEF

231.   Repeat and incorporate their responses to the allegations contained in the paragraphs referred to in paragraph 231 as if set forth fully herein.

232-238.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 232-238 insofar as they relate to parties other than the JPMC Defendants, and deny the allegations contained in paragraphs 232-238 to the extent such allegations are directed against the JPMC Defendants.

## AS TO THE TENTH CLAIM FOR RELIEF

239.    Repeat and incorporate their responses to the allegations contained in the paragraphs referred to in paragraph 239 as if set forth fully herein.

240-246.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 240-246 insofar as they relate to parties other than the JPMC Defendants, and deny the allegations contained in paragraphs 240-246 to the extent such allegations are directed against the JPMC Defendants.

## AS TO THE ELEVENTH CLAIM FOR RELIEF

247.    Repeat and incorporate their responses to the allegations contained in the paragraphs referred to in paragraph 247 as if set forth fully herein.

248-257.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 248-257 insofar as they relate to parties other than the JPMC Defendants, and deny the allegations contained in paragraphs 248-257 to the extent such allegations are directed against the JPMC Defendants.

## AS TO THE TWELFTH CLAIM FOR RELIEF

258.    Repeat and incorporate their responses to the allegations contained in the paragraphs referred to in paragraph 258 as if set forth fully herein.

259-260.        Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 259-260 insofar as they relate to parties other than the JPMC Defendants, and deny the allegations contained in paragraphs 259-260 to the extent such allegations are directed against the JPMC Defendants, except admit that JPMC Bank entered into the May 2000 Credit Agreement and the May 2001

Credit Agreement, and respectfully refer to the provisions of the May 2000 Credit

Agreement and the May 2001 Credit Agreement for the contents thereof.

261-266.  Deny knowledge or information sufficient to form a belief as to

the truth of the allegations contained in paragraphs 261-266 insofar as they relate to

parties other than the JPMC Defendants, and deny the allegations contained in paragraphs

261-266 to the extent such allegations are directed against the JPMC Defendants.

## AFFIRMATIVE AND OTHER DEFENSES

In asserting the following affirmative and other defenses to Plaintiffs'

claims, the JPMC Defendants do not concede that the assertion of such defenses imposes

any burden of proof on the JPMC Defendants with respect thereto.[1]

### FIRST DEFENSE

The Complaint fails to state a claim against the JPMC Defendants upon

which relief may be granted and fails to comply with the requirements of Federal Rule of

Civil Procedure 9(b).

### SECOND DEFENSE

The Complaint fails to state a claim against the JPMC Defendants, based

on the reasoning in the October 10, 2003 Opinion and Order of Judge Swain in

*UniCredito Italiano SpA v. JPMorgan Chase Bank*, 288 F.Supp. 2d 485 (S.D.N.Y. 2003),

concerning the same agreements and allegations as are presented in the instant case.

---

[1]    The JPMC Defendants reserve the right to supplement, amend or delete any or all
       of the following affirmative or other defenses prior to any trial of this action.

## THIRD DEFENSE

The claims asserted in the Complaint against the JPMC Defendants are barred, in whole or in part, under applicable statutes of limitations.

## FOURTH DEFENSE

The claims asserted in the Complaint against the JPMC Defendants are barred, in whole or in part, because Plaintiffs lack standing.

## FIFTH DEFENSE

The claims asserted in the Complaint against the JPMC Defendants are barred, in whole or in part, by the doctrine of *in pari delicto*.

## SIXTH DEFENSE

The claims asserted in the Complaint against the JPMC Defendants are barred, in whole or in part, because any alleged purchase by Plaintiffs of any Participating Lender's interest under the 2000 Credit Facility or the 2001 Credit Facility was made after Enron had publicly announced that certain of its financial statements should not be relied upon and/or after Enron's filing for bankruptcy protection.

## SEVENTH DEFENSE

The claims asserted in the Complaint against the JPMC Defendants are barred, in whole or in part, because any alleged purchase by Plaintiffs of any Participating Lender's interest under the 2000 Credit Facility or the 2001 Credit Facility was made at a time when Plaintiffs knew, or should have known, that Enron would be unable to repay, or repay in full, such interest.

## EIGHTH DEFENSE

The claims asserted in the Complaint against the JPMC Defendants are barred, in whole or in part, because any alleged purchase by Plaintiffs of any Participating Lender's interest under the 2000 Credit Facility or the 2001 Credit Facility was made without reasonable, justifiable or actual reliance on the alleged misrepresentations or omissions.

## NINTH DEFENSE

The claims asserted in the Complaint against the JPMC Defendants are barred, in whole or in part, because any purported assignment to Plaintiffs of any Participating Lender's rights and/or obligations under or concerning the 2000 Credit Facility or the 2001 Credit Facility was invalid as a matter of law and/or fact.

## TENTH DEFENSE

The claims asserted in the Complaint against the JPMC Defendants are barred because they are not, as a matter of law or fact, liable for the acts of their predecessors or affiliates.

## ELEVENTH DEFENSE

The claims asserted in the Complaint against the JPMC Defendants contradict and are expressly barred, in whole or in part, by the terms of the agreements and other relevant documents governing the 2000 and 2001 Credit Facilities.

## TWELFTH DEFENSE

The claims asserted in the Complaint against the JPMC Defendants are barred because the JPMC Defendants have fully performed all of their obligations under the 2000 and 2001 Credit Facility Agreements.

## THIRTEENTH DEFENSE

The JPMC Defendants are not liable because, under the terms of the 2000 and 2001 Credit Facility Agreements, they had no duty to disclose any facts allegedly not disclosed.

## FOURTEENTH DEFENSE

Plaintiffs' claim against the JPMC Defendants for breach of implied duty of good faith and fair dealing is barred because such an implied term is inconsistent with the express terms of the 2000 and 2001 Credit Facility Agreements.

## FIFTEENTH DEFENSE

The claims asserted in the Complaint against the JPMC Defendants are barred because any conduct by the JPMC Defendants was non-reckless, non-malicious, taken in good faith, with reasonable care and diligence, and without knowledge to commit fraud or aid and abet Enron or other parties in the commission of fraud, and did not directly or indirectly constitute unlawful acts.

## SIXTEENTH DEFENSE

The claims asserted in the Complaint against the JPMC Defendants are barred because the JPMC Defendants were entitled to, and did, reasonably and in good faith rely upon the work and conclusions of professionals and experts in executing or authorizing the execution and/or publication of any document containing the statements complained of in the Complaint and in taking actions in connection with the 2000 and 2001 Credit Facilities.

## SEVENTEENTH DEFENSE

The claims asserted in the Complaint against the JPMC Defendants are barred because the JPMC Defendants did not make a false or misleading statement or omission of material fact concerning Enron, and are not responsible in law or in fact for any alleged false or misleading statement or omission of material fact by others on which Plaintiffs allegedly relied.

## EIGHTEENTH DEFENSE

The claims asserted in the Complaint against the JPMC Defendants are barred because the alleged misrepresentations or omissions on which Plaintiffs base such claims were not material.

## NINETEENTH DEFENSE

The claims asserted in the Complaint against the JPMC Defendants are barred because the JPMC Defendants neither owed nor breached any duty to disclose information allegedly misrepresented or omitted in any statements by the JPMC Defendants to Plaintiffs or to any alleged predecessor-in-interest of Plaintiffs.

## TWENTIETH DEFENSE

The claims asserted in the Complaint against the JPMC Defendants are barred because the JPMC Defendants neither owed nor breached any duty to disclose information allegedly misrepresented or omitted in Enron's or any third-party's statements to Plaintiffs or to any alleged predecessor-in-interest of Plaintiffs.

### TWENTY-FIRST DEFENSE

The claims asserted in the Complaint against the JPMC Defendants are barred because the JPMC Defendants neither owed nor breached any duty to disclose information allegedly misrepresented or omitted by the JPMC Defendants.

### TWENTY-SECOND DEFENSE

The claims asserted in the Complaint against the JPMC Defendants are barred because any alleged misstatements by them were expressions of opinion and/or repeated publicly available information.

### TWENTY-THIRD DEFENSE

The claims asserted in the Complaint against the JPMC Defendants are barred because any alleged misrepresentations by the JPMC Defendants were forward-looking statements and/or contained sufficient cautionary language and risk disclosures.

### TWENTY-FOURTH DEFENSE

The claims asserted in the Complaint against the JPMC Defendants are barred because the JPMC Defendants did not know, and in the exercise of reasonable care could not have known, of the existence of the alleged false or misleading statements and omissions of material fact asserted in the Complaint.

### TWENTY-FIFTH DEFENSE

The claims asserted in the Complaint against the JPMC Defendants are barred because the JPMC Defendants did not act with scienter.

### TWENTY-SIXTH DEFENSE

The claims asserted in the Complaint against the JPMC Defendants are barred because neither the Plaintiffs, nor any alleged predecessor-in-interest of Plaintiffs,

actually or justifiably relied on any alleged act or failure to act, or alleged false or misleading statement or omission of material fact by the JPMC Defendants.

## TWENTY-SEVENTH DEFENSE

The claims asserted in the Complaint against the JPMC Defendants are barred because neither the Plaintiffs, nor any alleged predecessor-in-interest of Plaintiffs, actually or justifiably relied on any alleged act or failure to act, or alleged false or misleading statement or omission of material fact by Enron or by any other defendant or third party alleged by Plaintiffs to be acting in conspiracy with the JPMC Defendants.

## TWENTY-EIGHTH DEFENSE

The claims asserted in the Complaint against the JPMC Defendants are barred because Plaintiffs, and any alleged predecessor-in-interest of Plaintiffs, knew or had reason to know the truth of the alleged misrepresentations or omissions on which Plaintiffs base such claims.

## TWENTY-NINTH DEFENSE

The claims asserted in the Complaint against the JPMC Defendants are barred, in whole or in part, for lack of proximate causation between the JPMC Defendants' alleged conduct and the alleged harm, and as a result of superseding and intervening causes.

## THIRTIETH DEFENSE

The claims asserted in the Complaint against the JPMC Defendants are barred because the lending decisions by Plaintiffs' alleged predecessors-in-interest were not actually, directly or proximately caused by any alleged act or failure to act, or any

alleged false or misleading statement or omission of material fact by the JPMC Defendants.

### THIRTY-FIRST DEFENSE

The claims asserted in the Complaint against the JPMC Defendants are barred because Plaintiffs' alleged losses were not actually, directly or proximately caused by any alleged act or failure to act, or any alleged false or misleading statement or omission of material fact by the JPMC Defendants.

### THIRTY-SECOND DEFENSE

The claims asserted in the Complaint against the JPMC Defendants are barred because Plaintiffs, and any alleged predecessor-in-interest of Plaintiffs, failed to exercise due care with respect to the transactions alleged on which Plaintiffs base such claims.

### THIRTY-THIRD DEFENSE

The claims asserted in the Complaint against the JPMC Defendants are barred, in whole or in part, because Enron's default in repayment of sums allegedly owed to Plaintiffs resulted from factors other than the alleged acts or failures to act, or alleged false or misleading statements or omissions of material fact alleged in the Complaint.

### THIRTY-FOURTH DEFENSE

The claims asserted in the Complaint against the JPMC Defendants are barred because Plaintiffs have failed to allege, and have not suffered, any cognizable injury attributable, in whole or in part, to any conduct by the JPMC Defendants. Any damages which the Plaintiffs seek to recover against the JPMC Defendants were in fact

caused by acts or omissions of the Plaintiffs, and/or the alleged predecessors-in-interest of Plaintiffs, and/or other third parties.

## THIRTY-FIFTH DEFENSE

The claims asserted in the Complaint against the JPMC Defendants are barred because Plaintiffs, and any alleged predecessor-in-interest of Plaintiffs, failed to make reasonable efforts to mitigate, minimize or avoid any losses or damages alleged in the Complaint.

## THIRTY-SIXTH DEFENSE

The claims asserted in the Complaint against the JPMC Defendants fail to state a claim upon which exemplary or punitive damages may be awarded.

## THIRTY-SEVENTH DEFENSE

Plaintiffs' claims against the JPMC Defendants are barred, in whole or in part, by the comparative fault of third parties.

## THIRTY-EIGHTH DEFENSE

The claims asserted in the Complaint against the JPMC Defendants are barred, in whole or in part, by the doctrine of unclean hands.

## THIRTY-NINTH DEFENSE

The claims asserted in the Complaint against the JPMC Defendants are barred, in whole or in part, by the doctrines of laches, acquiescence, waiver, ratification and/or estoppel.

## FORTIETH DEFENSE

The claims asserted in the Complaint against the JPMC Defendants are barred because they would result in unjust enrichment.

## FORTY-FIRST DEFENSE

The JPMC Defendants are entitled to recover contribution from others for any liability they incur.

## FORTY-SECOND DEFENSE

The JPMC Defendants hereby adopt and incorporate by reference any and all other defenses asserted or to be asserted by any other defendant to the extent the JPMC Defendants may share in such defense.

## FORTY-THIRD DEFENSE

The JPMC Defendants reserve and assert all affirmative defenses available under any applicable federal and state law, and reserve the right to assert other defenses, cross-claims, and third-party claims when and if they become appropriate in this action.

## COUNTERCLAIM

For its counterclaim against Plaintiffs, JPMorgan Chase Bank ("JPMC Bank"), by its attorneys, alleges as follows:

### Nature of Counterclaim

1.      JPMC Bank incorporates its answer and affirmative defenses to Plaintiffs' Complaint as if fully set forth herein.

2.      JPMC Bank's counterclaim against the Plaintiffs is for indemnification pursuant to the 2000 and 2001 Credit Facility Agreements.

### Parties

3.      Counterclaimant JPMC Bank is a national banking association that maintains a place of business in New York.

4.      Upon information and belief and according to its own allegations in the Complaint, Counterclaim Defendant DK Acquisition Partners, L.P., is a New York limited partnership with its principal place of business in New York.

5.      Upon information and belief and according to its own allegations in the Complaint, Counterclaim Defendant Kensington International Limited is a Cayman Islands corporation with its principal place of business on Grand Cayman Island.

6.      Upon information and belief and according to its own allegations in the Complaint, Counterclaim Defendant Rushmore Capital – I, L.L.C., is a Massachusetts limited liability company with its principal place of business in Massachusetts.

7.      Upon information and belief and according to its own allegations in the Complaint, Counterclaim Defendant Rushmore Capital – II, L.L.C., is a

25

Massachusetts limited liability company with its principal place of business in Massachusetts.

8.    Upon information and belief and according to its own allegations in the Complaint, Counterclaim Defendant Springfield Associates, LLC, is a Delaware limited liability company with its principal place of business in New York.

### Jurisdiction and Venue

9.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1334 and 28 U.S.C. §1367.

10.    This Court has personal jurisdiction over all Counterclaim Defendants, which have submitted to the jurisdiction of this Court by filing the Complaint in this action.

11.    Venue is proper in this District because this counterclaim arises out of the same transactions as the Complaint.

### FOR A FIRST COUNTERCLAIM: CONTRACTUAL INDEMNIFICATION
#### (By JPMC Bank Against All Counterclaim Defendants)

12.    JPMC Bank incorporates the preceding paragraphs as if fully set forth herein.

13.    This counterclaim by JPMC Bank is against DK Acquisition Partners, L.P., Kensington International Limited, Rushmore Capital – I, L.L.C., Rushmore Capital – II, L.L.C. and Springfield Associates, LLC (collectively, "Counterclaim Defendants") for indemnification pursuant to the 2000 and 2001 Credit Facility Agreements (as previously defined herein), dated May 18, 2000 and May 14, 2001, respectively.

14.    The 2000 and 2001 Credit Facility Agreements are among the following parties:

    a.    Enron as Borrower;

    b.    JPMC Bank, or its predecessor The Chase Manhattan Bank, and Citibank N.A., as Co-Administrative Agents;

    c.    Citibank N.A. as Paying Agent; and

    d.    Certain financial institutions as participating lenders ("Participating Lenders").

15.    Each of the Counterclaim Defendants alleges in its Complaint that it is a successor-in-interest to certain Participating Lenders under the 2000 and 2001 Credit Facility Agreements.  While the JPMC Defendants deny that allegation, if the Counterclaim Defendants are in fact valid successors-in-interest to Participating Lenders under the 2000 and 2001 Credit Facility Agreements, the Counterclaim Defendants are subject to certain obligations of Participating Lenders under those agreements.

16.    Pursuant to section 8.07 of the 2000 and 2001 Credit Facility Agreements, the Participating Lenders agreed to indemnify each Co-Administrative agent on the following terms:

> SECTION 8.07.  Indemnification.  The Banks agree to indemnify each Co-Administrative Agent (to the extent not reimbursed by the Borrower), ratably according to the respective principal amounts of the Notes then held by each of them (or if no principal of the Notes is at the time outstanding or if any principal of the Notes is held by any Person which is not a Bank, ratably according to the respective amounts of their Commitments then existing, or, if no such principal amounts are then outstanding (or if any principal of the Notes is held by any Person which is not a Bank) and no Commitments are then existing, ratably according to the respective amounts of the Commitments existing immediately prior to the termination thereof), from and against any and all claims, damages,

losses, liabilities and expenses (including without limitation, reasonable fees and disbursements of counsel) of any kind or nature whatsoever which may be imposed on, incurred by, or asserted against such Co-Administrative Agent in any way relating to or arising out of any of the Loan Documents or any action taken or omitted by such Co-Administrative Agent under the Loan Documents (**EXPRESSLY INCLUDING ANY SUCH CLAIM, DAMAGE, LOSS, LIABILITY OR EXPENSE ATTRIBUTABLE TO THE ORDINARY, SOLE OR CONTRIBUTORY NEGLIGENCE OF SUCH INDEMNIFIED PARTY, BUT EXCLUDING ANY SUCH CLAIM, DAMAGE, LOSS, LIABILITY OR EXPENSE ATTRIBUTABLE TO THE GROSS NEGLIGENCE OR WILLFUL MISCONDUCT OF SUCH CO-ADMINISTRATIVE AGENT). IT IS THE INTENT OF THE PARTIES HERETO THAT EACH CO-ADMINISTRATIVE AGENT SHALL, TO THE EXTENT PROVIDED IN THIS SECTION 8.07, BE INDEMNIFIED FOR ITS OWN ORDINARY, SOLE OR CONTRIBUTORY NEGLIGENCE.** Without limitation of the foregoing, each Bank agrees to reimburse each Co-Administrative Agent promptly upon demand for such Bank's ratable share of any reasonable out-of-pocket expenses (including reasonable counsel fees) incurred by such Co-Administrative Agent in connection with the preparation, execution, delivery, administration, modification, amendment or enforcement (whether through negotiations, legal proceedings or otherwise) of, or legal advice in respect of rights or responsibilities under, the Loan Documents, or any of them, to the extent that such Co-Administrative Agent is not reimbursed for such expenses by the Borrower. (emphasis original)

17.    JPMC Bank, as Co-Administrative Agent under the 2000 and 2001 Credit Facility Agreements, has been subjected to the following claims, with consequent potential damages, losses and liabilities, which fall within the indemnification provisions in the 2000 and 2001 Credit Facility Agreements, namely:

    a.    The claims asserted by Plaintiffs under their Complaint in the present case;

    b.    Claims brought by certain Participating Lenders in the 2000 and 2001 Credit Facility Agreements against JPMC Bank and other defendants, in an action styled *UniCredito Italiano SpA, et al. v.*

*JPMorgan Chase Bank, et al.*, (S.D.N.Y.) 02-CV-5328 (LTS) (the "*UniCredito*" action);

c.  Claims brought by certain other Participating Lenders in the 2000 and 2001 Credit Facility Agreements against JPMC Bank and other defendants, in an action styled *Bayerische Landesbank, et al. v. JPMorgan Chase Bank, et al.*, 04 CV 2259 (JSR) (S.D.N.Y.) (the "*Bayerische* action")

d.  Claims brought by certain alleged successors-in-interest to Participating Lenders in the 2000 and 2001 Credit Facility Agreements against JPMC Bank and other defendants, in an action styled *Avenue Capital, et al. v. JPMorgan Chase Bank, et al.*, (S.D.N.Y.) 08-CV-0447 (LTS) (the "*Avenue Capital*" action);

18.  JPMC Bank, as Co-Administrative Agent under the 2000 and 2001 Credit Facility Agreements, is entitled to be indemnified by each of the Counterclaim Defendants for the claims made against JPMC Bank in the present action, the *UniCredito* action, the *Bayerische* action, and the *Avenue Capital* action, according to the terms of the 2000 and 2001 Credit Facility Agreements.

19.  The amount of any potential damages, losses and liabilities of JPMC Bank in the *UniCredito*, *Bayerische*, and *Avenue Capital* actions is presently undetermined.

20.  JPMC Bank is also incurring ongoing expenses in connection with its role as Co-Administrative Agent under the 2000 and 2001 Credit Facility Agreements,

including, without limitation, in connection with its defense of the present case, the *UniCredito* action, the *Bayerische* action, and the *Avenue Capital* action.

21.    JPMC Bank, as Co-Administrative Agent under the 2000 and 2001 Credit Facility Agreements, is entitled to be indemnified by each of the Counterclaim Defendants for the expenses incurred thereunder, according to the terms of the 2000 and 2001 Credit Facility Agreements.

WHEREFORE, the JPMC Defendants seek judgment:

A.    Dismissing with prejudice all claims asserted by the Plaintiffs against the JPMC Defendants;

B.    Against all Plaintiffs/Counterclaim Defendants for indemnification of JPMC Bank in accordance with the terms of the 2000 and 2001 Credit Facility Agreements, in an amount to be determined at trial;

C.    Against all Plaintiffs/Counterclaim Defendants, for the JPMC Defendants' costs of defending against Plaintiffs' action, and JPMC Bank's costs in bringing this counterclaim, including reasonable attorneys' fees, costs and disbursements; and

D.    Granting such other and further relief as this Court may deem just and proper.

## <u>DEMAND FOR TRIAL BY JURY</u>

The JPMC Defendants hereby demand a trial by jury.

Dated:   May 1, 2008

                                              Respectfully submitted,

                                              /s/ David J. Woll                    
                                              Thomas C. Rice
                                              David J. Woll
                                              SIMPSON THACHER & BARTLETT LLP
                                              425 Lexington Avenue
                                              New York, NY  10017
                                              Telephone:  (212) 455-2000
                                              Facsimile:  (212) 455-2502

                                              *Attorneys for Defendants JPMorgan Chase
                                              & Co., JPMorgan Chase Bank, N.A., and
                                              J.P. Morgan Securities Inc.*