UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DK ACQUISITION PARTNERS, L.P.,
KENSINGTON INTERNATIONAL
LIMITED, RUSHMORE CAPITAL – I,
L.L.C., RUSHMORE CAPITAL – II,
L.L.C., and SPRINGFIELD
ASSOCIATES, LLC,

                Plaintiffs,

    v.

J.P. MORGAN CHASE & CO.,
JPMORGAN CHASE BANK, J.P.
MORGAN SECURITIES, INC.,
CITIGROUP INC., CITIBANK, N.A., and
CITIGROUP GLOBAL MARKETS, INC.
f/k/a Salomon Smith Barney,

                Defendants.

No. 08 Civ. 446 (LTS) (JCF)

**ANSWER AND COUNTERCLAIM OF DEFENDANTS
CITIGROUP INC., CITIBANK, N.A., AND CITIGROUP GLOBAL
MARKETS INC. TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

Defendants Citigroup Inc. ("Citigroup"), Citibank, N.A. ("Citibank"), and Citigroup Global Markets Inc. (f/k/a Salomon Smith Barney Inc.; "SSB") (together, the "Citigroup Defendants"),[1] by their undersigned attorneys, for their Answer to Plaintiffs' Second Amended Complaint (the "Complaint"), state as follows:[2]

1.     Deny the allegations contained in Paragraph 1 insofar as they purport to relate to the Citigroup Defendants, except admit that Plaintiffs purport to assert claims arising from loans made by other entities to Enron Corp. ("Enron"), deny knowledge and information concerning plaintiffs' standing to assert such claims, and deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 1.

2.     Deny the allegations contained in Paragraph 2 insofar as they purport to relate to the Citigroup Defendants, except admit that SSB was a co-lead arranger of a $1.25 billion, five-year revolving credit agreement dated as of May 18, 2000 and a $1.75 billion, 364-day revolving credit agreement dated as of May 14, 2001 (the "Syndicated Credit Facilities"), that Citibank was a co-administrative agent of the Syndicated Credit Facilities, that Citibank was the paying agent of the Syndicated Credit Facilities, respectfully refer the Court to the complete text of the documents referenced in Paragraph 2 for their contents, and deny knowledge and information

---

[1]     The Citigroup Defendants' use of the term "Citigroup Defendants" to refer to Citigroup Inc., Citibank, N.A., and Citigroup Global Markets Inc., is not an admission that any one of the Citigroup Defendants is not a distinct and separate entity, or that any one of the Citigroup Defendants is responsible for the liabilities of any other Citigroup Defendant.

[2]     The Citigroup Defendants do not construe the headings contained in, and any appendices to, the Complaint to be allegations to which any response is required; to

2

sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 2.

3.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 3, except admit that on October 25, 2001, Enron drew down $3 billion pursuant to the Syndicated Credit Facilities, and that Enron filed for bankruptcy on or about December 2, 2001.

4.    Deny the allegations in Paragraph 4 insofar as they purport to relate to the Citigroup Defendants, respectfully refer the Court to the complete text of the documents referenced in Paragraph 4 for their contents, and deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 4.

5.    Deny the allegations in Paragraph 5 insofar as they purport to relate to the Citigroup Defendants, and deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 5.

6.    Deny the allegations in Paragraph 6 insofar as they purport to relate to the Citigroup Defendants, and deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 6.

7.    Deny the allegations in Paragraph 7 insofar as they purport to relate to the Citigroup Defendants, respectfully refer the Court to the complete text of the documents referenced in Paragraph 7 for their contents, and deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 7.

the extent a response is deemed required, the Citigroup Defendants deny such

8.      Deny the allegations in Paragraph 8 insofar as they purport to relate to the Citigroup Defendants, respectfully refer the Court to the complete text of the documents referenced in Paragraph 8 for their contents, and deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 8.

9.      Deny the allegations in Paragraph 9 insofar as they purport to relate to the Citigroup Defendants, except admit that, as paying agent, Citibank forwarded to each participating bank certain notices of borrowing issued by Enron under the Syndicated Credit Facilities on October 25, 2001, and conveyed funds received from the participating banks in the Syndicated Credit Facilities to Enron on or about October 25, 2001, including Citibank's portion of the Syndicated Credit Facilities, and that on or about October 25, 2001, a conference call among Enron and the participating banks in the Syndicated Credit Facilities took place and that representatives of certain Citigroup Defendants listened to the call, and deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 9.

10.     Deny the allegations in Paragraph 10 insofar as they purport to relate to the Citigroup Defendants, except admit that Enron declared bankruptcy on or about December 2, 2001, and deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 10.

11.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11.

---

allegations.

12.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12.

13.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13.

14.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14.

15.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15.

16.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16, except admit that certain Citigroup Defendants participate in the secondary debt market.

17.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17.

18.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18.

19.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19.

20.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20.

21.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21.

22.     Admit the allegations contained in Paragraph 22.

23.     Admit the allegations contained in Paragraph 23.

24.     Admit the allegations contained in Paragraph 24.

25.     Aver that no response is required as Paragraph 25 purports only to define terms used in the Complaint, except admit that plaintiffs purport to refer in the Complaint to JPMC, JPMorgan Chase Bank and J.P. Morgan Securities as the "JPMC Defendants."

26.     Aver that no response is required as Paragraph 26 purports only to define terms used in the Complaint, except admit that plaintiffs purport to refer in the Complaint to Citigroup, Citibank, and Salomon Smith Barney, as the "Citigroup Defendants."

27.     Aver that no response is required as Paragraph 27 purports only to define terms used in the Complaint, except admit that plaintiffs purport to refer in the Complaint to Citibank, N.A. and JPMorgan Chase Bank as the "Defendant Banks."

28.     Aver that no response is required as Paragraph 28 purports only to define terms used in the Complaint, except admit that plaintiffs purport to refer in the Complaint to Salomon Smith Barney and J.P. Morgan Securities as the "Defendant Securities Subsidiaries."

29.     Aver that no response is required because Paragraph 29 states a legal conclusion, except admit that plaintiffs purport to premise subject matter jurisdiction on 28 U.S.C. § 1334(b) and 28 U.S.C. § 1452(a).

30.     Aver that no response is required because Paragraph 30 states a legal conclusion.

31.    Aver that no response is required because Paragraph 31 states a legal conclusion, except admit that plaintiffs purport to premise venue on 28 U.S.C. § 1391.

32.    Deny the allegations in Paragraph 32 insofar as they purport to relate to the Citigroup Defendants, except admit that, as paying agent, Citibank conveyed funds received from the participating banks in the Syndicated Credit Facilities to Enron on or about October 25, 2001, respectfully refer the Court to the complete text of the documents referenced in Paragraph 32 for their contents, and deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 32.

33.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33, except respectfully refer the Court to the complete text of the documents referenced in Paragraph 33 for their contents.

34.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34, except admit that on October 25, 2001, Enron sent a notice of borrowing under each of the Syndicated Credit Facilities, and respectfully refer the Court to the complete text of the documents referenced in Paragraph 34 for their contents.

35.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35, except admit that Enron sent notices of borrowing under the Syndicated Credit Facilities on October 25, 2001, and accepted money under the Syndicated Credit Facilities on or about October 25, 2001,

and respectfully refer the Court to the complete text of the documents referenced in Paragraph 35 for their contents.

36.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36, except respectfully refer the Court to the complete text of the documents referenced in Paragraph 36 for their contents.

37.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37, except respectfully refer the Court to the complete text of the documents referenced in Paragraph 37 for their contents.

38.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38, except respectfully refer the Court to the complete text of the documents referenced in Paragraph 38 for their contents.

39.     Deny the allegations in Paragraph 39 insofar as they purport to relate to the Citigroup Defendants, except respectfully refer the Court to the complete text of the documents referenced in Paragraph 39 for their contents, and deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 39.

40.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40.

41.     Deny the allegations in Paragraph 41 insofar as they purport to relate to the Citigroup Defendants, except admit that Andrew Fastow gave a deposition in cases related to Enron and respectfully refer the Court to the complete transcript of that deposition for its contents, and deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 41.

42.    Deny the allegations in Paragraph 42 insofar as they purport to relate to the Citigroup Defendants, except admit that Enron sent notices of borrowing under the Syndicated Credit Facilities on October 25, 2001 and accepted money under the Syndicated Credit Facilities on or about October 25, 2001, and deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 42.

43.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43.

44.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44.

45.    Deny the allegations in Paragraph 45 insofar as they purport to relate to the Citigroup Defendants, except admit that Enron declared bankruptcy on or about December 2, 2001, and deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 45.

46.    Deny the allegations in Paragraph 46 insofar as they purport to relate to the Citigroup Defendants, and deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 46.

47.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47.

48.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48.

49.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49.

50.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50.

51.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51.

52.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52.

53.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53.

54.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54.

55.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55.

56.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56.

57.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57.

58.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58.

59.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59.

60.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60.

61.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61.

62.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62.

63.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63.

64.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64.

65.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 65.

66.    Deny the allegations in Paragraph 66 insofar as they purport to relate to the Citigroup Defendants, except respectfully refer the Court to the complete text of the document referenced in Paragraph 66 for its contents, and deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 66.

67.    Deny the allegations in Paragraph 67 insofar as they purport to relate to the Citigroup Defendants, and deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 67.

68.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68.

69.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69.

70.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70, except admit, upon information and belief, that Enron had an investment grade credit rating at certain times prior to filing for bankruptcy protection, and respectfully refer the Court to the complete text of the documents referenced in Paragraph 70 for their contents.

71.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71.

72.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72.

73.     Deny knowledge and information sufficient to for a belief as to the truth of the allegations contained in Paragraph 73.

74.     Deny the allegations in Paragraph 74 insofar as they purport to relate to the Citigroup Defendants, except admit that, as paying agent, Citibank forwarded to each participating bank certain notices of borrowing issued by Enron under the Syndicated Credit Facilities on October 25, 2001, admit that on that day a conference call among Enron and the banks participating in the Syndicated Credit Facilities took place and that representatives of certain Citigroup Defendants listened to the call, and deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 74.

75.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74.

76.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 76, except respectfully refer the Court to the complete text of the documents referenced in Paragraph 76 for their contents.

77.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 77, except respectfully refer the Court to the complete text of the documents referenced in Paragraph 77 for their contents.

78.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 78, except respectfully refer the Court to the complete text of the documents referenced in Paragraph 78 for their contents.

79.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 79, except respectfully refer the Court to the complete text of the documents referenced in Paragraph 79 for their contents.

80.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 80, except admit that banks participating in the Syndicated Credit Facilities loaned money to Enron on or about October 25, 2001, and respectfully refer the Court to the complete text of the document referenced in Paragraph 80 for its contents.

81.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 81, except respectfully refer the Court to the complete text of the document referenced in Paragraph 81 for its contents.

82.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 82, except respectfully refer the Court to the complete text of the document referenced in Paragraph 82 for its contents.

83.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 83, except admit the May 2000 Credit Agreement was executed on or about May 18, 2000, and respectfully refer the Court to the complete text of the document referenced in Paragraph 83 for its contents.

84.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 84, except respectfully refer the Court to the complete text of the document referenced in Paragraph 84 for its contents.

85.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 85, except admit that banks participating in the Syndicated Credit Facilities loaned money to Enron on or about October 25, 2001, and respectfully refer the Court to the complete text of the document referenced in Paragraph 85 for its contents.

86.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 86, except respectfully refer the Court to the complete text of the document referenced in Paragraph 86 for its contents.

87.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 87, except respectfully refer the Court to the complete text of the document referenced in Paragraph 87 for its contents.

88.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 88, except respectfully refer the Court to the complete text of the documents referenced in Paragraph 88 for their contents.

89. Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 89, except respectfully refer the Court to the complete text of the documents referenced in Paragraph 89 for their contents.

90. Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 90, except respectfully refer the Court to the complete text of the documents referenced in Paragraph 90 for their contents.

91. Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 91, except admit that banks participating in the Syndicated Credit Facilities loaned money to Enron on or about October 25, 2001, and respectfully refer the Court to the complete text of the document referenced in Paragraph 91 for its contents.

92. Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 92, except respectfully refer the Court to the complete text of the document referenced in Paragraph 92 for its contents.

93. Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 93, except respectfully refer the Court to the complete text of the document referenced in Paragraph 93 for its contents.

94. Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 94, except respectfully refer the Court to the complete text of the documents referenced in Paragraph 94 for their contents.

95. Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 95.

96.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 96, except admit that banks participating in the Syndicated Credit Facilities loaned money to Enron on or about October 25, 2001, and respectfully refer the Court to the complete text of the document referenced in Paragraph 96 for its contents.

97.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 97, except respectfully refer the Court to the complete text of the document referenced in Paragraph 97 for its contents.

98.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 98, except respectfully refer the Court to the complete text of the document referenced in Paragraph 98 for its contents.

99.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 99, except respectfully refer the Court to the complete text of the documents referenced in Paragraph 99 for their contents.

100.    Deny the allegations in Paragraph 100 insofar as they purport to relate to the Citigroup Defendants, except admit that on October 25, 2001, Enron sent notices of borrowing under the Syndicated Credit Facilities, admit that on October 25, 2001, a conference call among Enron and the participating banks in the Syndicated Credit Facilities took place and that representatives of certain Citigroup Defendants listened to the call, respectfully refer the Court to the complete text of the documents referenced in Paragraph 100 for their contents, and deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 100.

101.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 101.

102.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 102.

103.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 103.

104.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 104.

105.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 105.

106.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 106.

107.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 107.

108.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 108, except, upon information and belief, that on November 28, 2001, certain credit rating agencies downgraded Enron's credit ratings to below investment grade, and admit that on or about December 2, 2001, Enron filed for bankruptcy protection.

109.    Deny the allegations in Paragraph 109.

110.    Deny the allegations in Paragraph 110.

111.    Deny the allegations in Paragraph 111 insofar as they purport to relate to the Citigroup Defendants, and deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 111.

112.    Deny the allegations in Paragraph 112, except admit that during the period 1997 through December 2, 2001 certain of the Citigroup Defendants participated in certain transactions with Enron, and respectfully refer the Court to the transaction documents for the details of the transactions.

113.    Deny the allegations in Paragraph 113, except admit that personnel from certain Citigroup Defendants performed due diligence of Enron, and respectfully refer the Court to the complete text of the documents referenced in Paragraph 113 for their contents.

114.    Deny the allegations in Paragraph 114.

115.    Deny the allegations in Paragraph 115, except admit that certain of the Citigroup Defendants participated in certain commodity forward prepaid transactions, as well as transactions known as Nighthawk, Rawhide, Nahanni, Bacchus, and Sundance, and respectfully refer the Court to the transaction documents for the details of these transactions.

116.    Deny the allegations in Paragraph 116 insofar as they purport to relate to the Citigroup Defendants, except admit that certain of the Citigroup Defendants participated in certain commodity forward prepaid transactions with Delta and Enron or related entities, that Citibank on certain occasions paid certain of Delta's legal fees and administrative costs, that Enron contacted certain of the Citigroup Defendants regarding certain representations regarding Delta, and that certain of the Citigroup

Defendants have stated that Delta was a special purpose entity, admit, upon information and belief, that Delta is expressly authorized to engage in business with companies other than the Citigroup Defendants although it has not done so, and that Delta sent a letter regarding Delta to Arthur Andersen, and respectfully refer the Court to the transaction documents for the details of the transactions involving Delta and to the complete text of the documents referenced in Paragraph 68 for their contents.

117.    Deny the allegations in Paragraph 117, except admit that internal minutes of a meeting of the Capital Markets Approval Committee on June 22, 1999 discuss a commodity prepaid forward transaction with Enron or related entities, that an internal presentation of certain of the Citigroup Defendants dated September 1999 discusses Enron's capitalization, that an internal approval memorandum of certain of the Citigroup Defendants dated August 2000 discusses Enron's capitalization, that an internal approval memorandum of certain of the Citigroup Defendants dated April 2001 discusses Enron's capitalization, and respectfully refer the Court to the complete text of the documents referenced in Paragraph 117 for their contents.

118.    Deny the allegations in Paragraph 118, except admit that on September 28, 2000 Steve Wagman sent an internal email regarding a commodity prepaid forward transaction with Enron or related entities and respectfully refer the Court to the complete text of the document referenced in Paragraph 118 for its contents.

119.    Deny the allegations in Paragraph 119 insofar as they purport to relate to the Citigroup Defendants, except admit that Paul Deards sent an internal email in July of 2001 regarding commodity-linked financial structures, that Paul Deards sent

an internal email concerning Enron on April 4, 2001, that Paul Deards sent an internal email concerning Enron on April 5, 2001, that Paul Deards sent an internal email concerning Enron on October 25, 2001, respectfully refer the Court to the complete text of the documents referenced in Paragraph 119 for their contents, and deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 119..

120.    Deny the allegations in Paragraph 120.

121.    Deny the allegations in Paragraph 121 insofar as they purport to relate to the Citigroup Defendants, except admit that certain of the Citigroup Defendants participated in a minority interest transaction called Nighthawk with Enron or related entities in December 1997 and respectfully refer the Court to the transaction documents for the details of the transaction, and deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 121.

122.    Deny the allegations in Paragraph 122, except admit that certain of the Citigroup Defendants participated in a minority interest transaction called Rawhide with Enron or related entities in December 1998 and respectfully refer the Court to the transaction documents for the details of the transaction, admit that an internal approval memorandum from Bob Dewing and Nasir Khan dated January 6, 2000 discusses a minority interest transaction with Enron or related entities called Rawhide and respectfully refer the Court to the complete text of the document for its contents, and deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 122.

123.    Deny the allegations in Paragraph 123, except admit that certain of the Citigroup Defendants participated in a commodity forward prepaid transaction with Enron or related entities called Roosevelt in December 1998 and that the transaction was amended in 1999, and respectfully refer the Court to the transaction documents for the details of the transaction, admit that on April 27, 1999 James Reilly sent an internal email regarding the Roosevelt transaction, and respectfully refer the court to the complete text of the document for its contents.

124.    Deny the allegations in Paragraph 124, except admit that certain of the Citigroup Defendants participated in a commodity forward prepaid transaction with Enron or related entities called Truman in June 1999, and respectfully refer the Court to the transaction documents for the details of the transaction, and respectfully refer the court to the complete text of the documents referenced in Paragraph 124 for their contents.

125.    Deny the allegations in Paragraph 125, except admit that certain of the Citigroup Defendants participated in certain commodity forward prepaid transactions with Yosemite and Enron or related entities, and respectfully refer the Court to the transaction documents for the details of the transactions.

126.    Deny the allegations in Paragraph 126 insofar as they purport to relate to the Citigroup Defendants, except respectfully refer the Court to the complete text of the documents referenced in Paragraph 126 for their contents.

127.    Deny the allegations in Paragraph 127, except admit that certain of the Citigroup Defendants participated in a commodity forward prepaid transaction with

Enron or related entities called Nixon in December 1999 and respectfully refer the Court to the transaction documents for the details of the transaction.

128.    Deny the allegations in Paragraph 128 insofar as they purport to relate to the Citigroup Defendants, except admit that certain of the Citigroup Defendants participated in a minority interest transaction called Nahanni with Enron or related entities in December 1999 and respectfully refer the Court to the transaction documents for the details of the transaction, and deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 128.

129.    Deny the allegations in Paragraph 129, except admit that on December 6, 1999 Otto Jager sent an internal email to William Fox regarding the Nahanni transaction, and respectfully refer the Court to the complete text of the document for its contents.

130.    Deny the allegations in Paragraph 130, except admit that certain of the Citigroup Defendants participated in a transaction with Yosemite II and Enron or related entities in February 2000, and respectfully refer the Court to the transaction documents for the details of the transaction.

131.    Deny the allegations in Paragraph 131, except admit that certain of the Citigroup Defendants participated in a commodity forward prepaid transaction with Yosemite III and Enron or related entities in August 2000 and respectfully refer the Court to the transaction documents for the details of the transaction.

132.    Deny the allegations in Paragraph 132 insofar as they purport to relate to the Citigroup Defendants, except admit that certain of the Citigroup Defendants

22

participated in a transaction called Bacchus with Enron or related entities and respectfully refer the Court to the transaction documents for the details of the transaction, admit that an internal Citibank memorandum dated December 6, 2000 discusses the Bacchus transaction and respectfully refer the Court to the complete text of the document for its contents, and deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 132.

133.    Deny the allegations in Paragraph, except admit that certain of the Citigroup Defendants participated in a commodity forward prepaid transaction with Yosemite IV and Enron or related entities in May 2001 and respectfully refer the Court to the transaction documents for the details of the transaction.

134.    Deny the allegations in Paragraph 134 insofar as they purport to relate to the Citigroup Defendants, except admit that certain of the Citigroup Defendants participated in a transaction called Sundance with Enron or related entities and respectfully refer the Court to the transaction documents for the details of the transaction, respectfully refer the Court to the complete text of the document referenced in Paragraph 134 for its contents, and deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 134.

135.    Deny the allegations in Paragraph 135, except admit that certain of the Citigroup Defendants participated in a commodity forward prepaid transaction with Enron or related entities in June 2001 and respectfully refer the Court to the transaction documents for the details of the transaction, and respectfully refer the

Court to the complete text of the documents referenced in Paragraph 135 for their contents.

136.    Deny the allegations contained in Paragraph 136, except respectfully refer the Court to the complete text of the documents referenced in Paragraph 136 for their contents.

137.    Deny the allegations in Paragraph 137, except respectfully refer the Court to the complete text of the document referenced in Paragraph 137 for its contents.

138.    Deny the allegations in Paragraph 138 insofar as they purport to relate to the Citigroup Defendants, and deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 138.

139.    Deny the allegations in Paragraph 139 insofar as they purport to relate to the Citigroup Defendants, and deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 139.

140.    Deny the allegations in Paragraph 140, except admit that Anne Clarke Wolff was a senior executive in Citibank's Fixed Income Capital Markets division, Randolph Barker was a member of Senior Management at Citigroup's Corporate and Investment Banking division, Chad Leat was head of Citibank's Global Loans division, and Steven Victorin was a managing director of Citibank's Global Loans division; and admit that Steven Victorin sent an internal email on October 25, 2001 regarding Enron and respectfully refer the Court to the complete text of the document for its contents.

141.    Deny the allegations in Paragraph 141.

24

142.    Deny the allegations in Paragraph 142 insofar as they purport to relate to the Citigroup Defendants, except admit that, as paying agent, Citibank forwarded to each participating bank certain notices of borrowing issued by Enron under the Syndicated Credit Facilities on October 25, 2001, admit that on October 25, 2001, a conference call among Enron and the participating banks in the syndicated credit facilities took place and that representatives of certain Citigroup Defendants listened to the call, and deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 142.

143.    Deny the allegations in Paragraph 143, except admit that Citibank funded its portion of the Syndicated Credit Facilities on October 25, 2001.

144.    Deny the allegations in Paragraph 144 insofar as they purport to relate to the Citigroup Defendants, except admit that SSB was a co-lead arranger of the Syndicated Credit Facilities, respectfully refer the Court to the complete text of the documents referenced in Paragraph 144 for their contents, and deny knowledge and information sufficient to form a belief as to the truth of remaining allegations contained in Paragraph 144.

145.    Deny the allegations in Paragraph 145 insofar as they purport to relate to the Citigroup Defendants, except admit that Citibank was a co-administrative agent of the Syndicated Credit Facilities, respectfully refer the Court to the complete text of the documents referenced in Paragraph 145 for their contents, and deny knowledge and information sufficient to form a belief as to the truth of remaining allegations contained in Paragraph 145.

146.    Deny the allegations in Paragraph 146, except admit that SSB acted as co-lead arranger of the Syndicated Credit Facilities; SSB assisted in the preparation and dissemination of an Information Memorandum dated April 25, 2000, and respectfully refer the Court to the complete text of the documents referenced in Paragraph 146 for their contents.

147.    Deny the allegations in Paragraph 147, except admit that the Information Memorandum dated April 25, 2000 provides contact information for James F. Reilly, and respectfully refer the Court to the complete text of the document referenced in Paragraph 147 for its contents.

148.    Deny the allegations in Paragraph 148, except respectfully refer the Court to the complete text of the document referenced in Paragraph 148 for its contents.

149.    Deny the allegations in Paragraph 149 insofar as they purport to relate to the Citigroup Defendants, except admit that banks participating in the Syndicated Credit Facilities loaned money to Enron on or about October 25, 2001, respectfully refer the Court to the complete text of the document referenced in Paragraph 149 for its contents, and deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 149.

150.    Deny the allegations in Paragraph 150, except respectfully refer the Court to the complete text of the document referenced in Paragraph 150 for its contents.

151.    Deny the allegations in Paragraph 151, except respectfully refer the Court to the complete text of the document referenced in Paragraph 151 for its contents.

152.    Deny the allegations in Paragraph 152 insofar as they purport to relate to the Citigroup Defendants, except admit that Citibank was a co-administrative agent and the paying agent of the Syndicated Credit Facilities, admit that the May 2000 Credit Agreement was executed on or about May 18, 2000, respectfully refer the Court to the complete text of the document referenced in Paragraph 152 for its contents, and deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 152.

153.    Deny the allegations in Paragraph 153, except respectfully refer the Court to the complete text of the document referenced in Paragraph 153 for its contents.

154.    Deny the allegations in Paragraph 154 insofar as they purport to relate to the Citigroup Defendants, except admit that banks participating in the Syndicated Credit Facilities loaned money to Enron on or about October 25, 2001, and deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 154.

155.    Deny the allegations in Paragraph 155, except respectfully refer the Court to the complete text of the document referenced in Paragraph 155 for its contents.

156.    Deny the allegations in Paragraph 156 insofar as they purport to relate to the Citigroup Defendants, except respectfully refer the Court to the complete text

of the document referenced in Paragraph 156 for its contents, and deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 156.

157.    Deny the allegations in Paragraph 157 insofar as they purport to relate to the Citigroup Defendants, except respectfully refer the Court to the complete text of the document referenced in Paragraph 157 for its contents, and deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 157.

158.    Deny the allegations in Paragraph 158 insofar as they purport to relate to the Citigroup Defendants, except admit that SSB acted as co-lead arranger of the Syndicated Credit Facilities, SSB assisted in the preparation and dissemination of an Information Memorandum dated April 20, 2001, and respectfully refer the Court to the complete text of the documents referenced in Paragraph 158 for their contents.

159.    Deny the allegations in Paragraph 159, except respectfully refer the Court to the complete text of the document referenced in Paragraph 159 for its contents.

160.    Deny the allegations in Paragraph 160 insofar as they purport to relate to the Citigroup Defendants, except admit that banks participating in the Syndicated Credit Facilities loaned money to Enron on or about October 25, 2001, and deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 160.

161.    Deny the allegations in Paragraph 161, except respectfully refer the Court to the complete text of the document referenced in Paragraph 161 for its contents.

162.    Deny the allegations in Paragraph 162, except respectfully refer the Court to the complete text of the document referenced in Paragraph 162 for its contents.

163.    Deny the allegations in Paragraph 152 insofar as they purport to relate to the Citigroup Defendants, except admit that Citibank was a co-administrative agent and the paying agent of the Syndicated Credit Facilities, respectfully refer the Court to the complete text of the document referenced in Paragraph 152 for its contents, and deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 152.

164.    Deny the allegations in Paragraph 164, except respectfully refer the Court to the complete text of the document referenced in Paragraph 164 for its contents.

165.    Deny the allegations in Paragraph 165 insofar as they purport to relate to the Citigroup Defendants, except admit that banks participating in the Syndicated Credit Facilities loaned money to Enron on or about October 25, 2001, and deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 165.

166.    Deny the allegations in Paragraph 166, except respectfully refer the Court to the complete text of the document referenced in Paragraph 166 for its contents.

167.    Deny the allegations in Paragraph 167 insofar as they purport to relate to the Citigroup defendants, respectfully refer the Court to the complete text of the documents referenced in Paragraph 167 for their contents, and deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 167.

168.    Deny the allegations in Paragraph 168 insofar as they purport to relate to the Citigroup defendants, respectfully refer the Court to the complete text of the document referenced in Paragraph 168 for its contents, and deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 168.

169.    Deny the allegations in Paragraph 169 insofar as they purport to relate to the Citigroup Defendants, except admit that as paying agent Citibank forwarded to each participating bank certain notices of borrowing issued by Enron under the Syndicated Credit Facilities on October 25, 2001, and deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 169.

170.    Deny the allegations in Paragraph 170.

171.    Deny the allegations in Paragraph 171 insofar as they purport to relate to the Citigroup Defendants, except respectfully refer the Court to the complete text of the documents referenced in Paragraph 171 for their contents, and deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 171.

172.    Deny the allegations in Paragraph 172, except respectfully refer the Court to the complete text of the documents referenced in Paragraph 172 for their contents.

173.    Deny the allegations in Paragraph 173, except admit that banks participating in the Syndicated Credit Facilities loaned money to Enron on or about October 25, 2001.

174.    Deny the allegations in Paragraph, except admit that banks participating in the Syndicated Credit Facilities loaned money to Enron on or about October 25, 2001.

175.    Deny the allegations in Paragraph 175, except admit that banks participating in the Syndicated Credit Facilities loaned money to Enron on or about October 25, 2001.

176.    Deny the allegations in Paragraph 176 insofar as they purport to relate to the Citigroup Defendants, except admit, upon information and belief, that on November 28, 2001, certain credit rating agencies downgraded Enron's credit ratings to below investment grade, admit that Enron filed for bankruptcy protection on or about December 2, 2001, and deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 176.

177.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 177, except respectfully refer the Court to the complete text of the documents referenced in Paragraph 177 for their contents.

178.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 178, except respectfully refer the Court to the complete text of the documents referenced in Paragraph 178 for their contents.

179.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 179.

180.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 180, except respectfully refer the Court to the complete text of the documents referenced in Paragraph 180 for their contents.

181.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 181, except respectfully refer the Court to the complete text of the documents referenced in Paragraph 181 for their contents.

182.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 182, except admit that banks participating in the Syndicated Credit Facilities loaned money to Enron on or about October 25, 2001.

183.    Deny the allegations in Paragraph 183, except respectfully refer the Court to the complete text of the documents referenced in Paragraph 183 for their contents.

184.    Deny the allegations in Paragraph 184 insofar as they purport to relate to the Citigroup Defendants, except respectfully refer the Court to the complete text of the documents referenced in Paragraph 184, and deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 184.

185.    Deny the allegations in Paragraph 185.

186.    Deny the allegations in Paragraph 186, except admit that certain Citigroup Defendants have previously served as agent banks.

187.    Deny the allegations in Paragraph 187, except respectfully refer the Court to the complete text of the documents referenced in Paragraph 187 for their contents.

188.    Deny the allegations in Paragraph 188, except respectfully refer the Court to the complete text of the documents referenced in Paragraph 188 for their contents.

189.    Deny the allegations in Paragraph 189, except admit that banks participating in the Syndicated Credit Facilities loaned money to Enron on or about October 25, 2001.

190.    Deny the allegations in Paragraph 190, except respectfully refer the Court to the complete text of the document referenced in Paragraph 190 for its contents.

191.    For their response to Paragraph 191, the Citigroup Defendants repeat and reallege their responses to the allegations contained in Paragraphs 1 through 190.

192.    Deny the allegations in Paragraph 192 insofar as they purport to relate to the Citigroup Defendants, and deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 192.

193.    Deny the allegations in Paragraph 193 insofar as they purport to relate to the Citigroup Defendants, and deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 193.

194.    Deny the allegations in Paragraph 194 insofar as they purport to relate to the Citigroup Defendants, and deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 194.

195.    Deny the allegations in Paragraph 195 insofar as they purport to relate to the Citigroup Defendants, and deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 195.

196.    Deny the allegations in Paragraph 196 insofar as they purport to relate to the Citigroup Defendants, and deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 196.

197.    Deny the allegations in Paragraph 197 insofar as they purport to relate to the Citigroup Defendants, and deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 197.

198.    Deny the allegations in Paragraph 198 insofar as they purport to relate to the Citigroup Defendants, and deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 198.

199.    Deny the allegations in Paragraph 199 insofar as they purport to relate to the Citigroup Defendants, and deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 199.

200.    Deny the allegations in Paragraph 200 insofar as they purport to relate to the Citigroup Defendants, and deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 200.

201. Deny the allegations in Paragraph 201 insofar as they purport to relate to the Citigroup Defendants, and deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 201.

202. For their response to Paragraph 202, the Citigroup Defendants repeat and reallege their responses to the allegations contained in Paragraphs 1 through 202.

203. Deny the allegations in Paragraph 203 insofar as they purport to relate to the Citigroup Defendants, and deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 203.

204. Deny the allegations in Paragraph 204 insofar as they purport to relate to the Citigroup Defendants, and deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 204.

205. Deny the allegations in Paragraph 205 insofar as they purport to relate to the Citigroup Defendants, and deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 205.

206. Deny the allegations in Paragraph 206 insofar as they purport to relate to the Citigroup Defendants, and deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 206.

207. Deny the allegations in Paragraph 207 insofar as they purport to relate to the Citigroup Defendants, and deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 207.

208. Deny the allegations in Paragraph 208 insofar as they purport to relate to the Citigroup Defendants, and deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 208.

209.    Deny the allegations in Paragraph 209 insofar as they purport to relate to the Citigroup Defendants, and deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 209.

210.    Deny the allegations in Paragraph 210 insofar as they purport to relate to the Citigroup Defendants, and deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 210.

211.    Deny the allegations in Paragraph 211 insofar as they purport to relate to the Citigroup Defendants, and deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 211.

212.    For their response to Paragraph 212, the Citigroup Defendants repeat and reallege their responses to the allegations contained in Paragraphs 1 through 211.

213.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 213.

214.    Deny the allegations contained in Paragraph 214 insofar as they purport to relate to the Citigroup Defendants, and deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 214.

215.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 215.

216.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 216.

217.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 217.

218.    Deny the allegations in Paragraph 218 insofar as they purport to relate to the Citigroup Defendants, and deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 218.

219.    Deny the allegations in Paragraph 219 insofar as they purport to relate to the Citigroup Defendants, and deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 219.

220.    Deny the allegations in Paragraph 220 insofar as they purport to relate to the Citigroup Defendants, and deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 220.

221.    Deny the allegations in Paragraph 221 insofar as they purport to relate to the Citigroup Defendants, and deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 221.

222.    For their response to Paragraph 222, the Citigroup Defendants repeat and reallege their responses to the allegations contained in Paragraphs 1 through 221.

223.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 223.

224.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 224.

225.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 225.

226.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 226.

227.    Deny the allegations in Paragraph 227 insofar as they purport to relate to the Citigroup Defendants, and deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 227.

228.    Deny the allegations in Paragraph 228 insofar as they purport to relate to the Citigroup Defendants, and deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 228.

229.    Deny the allegations in Paragraph 229 insofar as they purport to relate to the Citigroup Defendants, and deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 229.

230.    Deny the allegations in Paragraph 230 insofar as they purport to relate to the Citigroup Defendants, and deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 230.

231.    For their response to Paragraph 231, the Citigroup Defendants repeat and reallege their responses to the allegations contained in Paragraphs 1 through 230.

232.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 232.

233.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 233.

234.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 234.

235.    Deny the allegations in Paragraph 235 insofar as they purport to relate to the Citigroup Defendants, and deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 235.

236.    Deny the allegations in Paragraph 236 insofar as they purport to relate to the Citigroup Defendants, and deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 236.

237.    Deny the allegations in Paragraph 237 insofar as they purport to relate to the Citigroup Defendants, and deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 237.

238.    Deny the allegations in Paragraph 238 insofar as they purport to relate to the Citigroup Defendants, and deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 238.

239.    For their response to Paragraph 239, the Citigroup Defendants repeat and reallege their responses to the allegations contained in Paragraphs 1 through 238.

240.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 240.

241.    Deny the allegations contained in Paragraph 241.

242.    Deny the allegations contained in Paragraph 242 insofar as they purport to relate to the Citigroup Defendants, and deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 242.

243.    Deny the allegations in Paragraph 243 insofar as they purport to relate to the Citigroup Defendants, and deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 243.

244.    Deny the allegations in Paragraph 244 insofar as they purport to relate to the Citigroup Defendants, and deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 244.

245.    Deny the allegations in Paragraph 245 insofar as they purport to relate to the Citigroup Defendants, and deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 245.

246.    Deny the allegations in Paragraph 246 insofar as they purport to relate to the Citigroup Defendants, and deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 246.

247.    For their response to Paragraph 247, the Citigroup Defendants repeat and reallege their responses to the allegations contained in Paragraphs 1 through 246.

248.    Deny the allegations in Paragraph 248, and respectfully refer the Court to the complete text of the documents referenced in Paragraph 248 for their contents.

249.    Deny the allegations in Paragraph 249, and respectfully refer the Court to the complete text of the documents referenced in Paragraph 249 for their contents.

250.    Deny the allegations in Paragraph 250, and respectfully refer the Court to the complete text of the documents referenced in Paragraph 250 for their contents.

251.    Deny the allegations in Paragraph 251, and respectfully refer the Court to the complete text of the documents referenced in Paragraph 251 for their contents.

252.    Deny the allegations in Paragraph 252, and respectfully refer the Court to the complete text of the documents referenced in Paragraph 252 for their contents.

253.    Deny the allegations in Paragraph 253 insofar as they purport to relate to the Citigroup Defendants, and deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 253.

254.    Deny the allegations in Paragraph 254 insofar as they purport to relate to the Citigroup Defendants, and deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 254.

255.    Deny the allegations in Paragraph 255 insofar as they purport to relate to the Citigroup Defendants, and deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 255.

256.    Deny the allegations in Paragraph 256 insofar as they purport to relate to the Citigroup Defendants, and deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 256.

257.    Deny the allegations in Paragraph 257 insofar as they purport to relate to the Citigroup Defendants, and deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 257.

258.    For their response to Paragraph 258, the Citigroup Defendants repeat and reallege their responses to the allegations contained in Paragraphs 1 through 257.

259.    Admit the allegations in Paragraph 259.

260.    Deny the allegations in Paragraph 260 insofar as they purport to relate to the Citigroup Defendants, except respectfully refer the Court to the complete text of the documents referenced in Paragraph 260 for their contents, and deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 260.

261. Deny the allegations in Paragraph 261.

262. Deny the allegations in Paragraph 262.

263. Deny knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 263.

264. Deny the allegations in Paragraph 264 insofar as they purport to relate to the Citigroup Defendants, and deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 264.

265. Deny the allegations in Paragraph 265 insofar as they purport to relate to the Citigroup Defendants, and deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 265.

266. Deny the allegations in Paragraph 266 insofar as they purport to relate to the Citigroup Defendants, and deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 266.

In response to the request for relief on page 100, the Citigroup Defendants deny liability, deny they engaged in any wrongdoing, and deny that plaintiffs are entitled to any judgment, recovery or relief.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim against the Citigroup Defendants upon which relief may be granted.

### SECOND DEFENSE

The Complaint fails to plead with the requisite particularity facts and circumstances constituting the alleged fraudulent conduct.

### THIRD DEFENSE

Plaintiffs' claims against the Citigroup Defendants are barred to the extent they are precluded by or inconsistent with the holdings of this Court in *UniCredito Italiano SpA* v. *JPMorgan Chase Bank*, 288 F. Supp. 2d 485 (S.D.N.Y. 2003), and/or the holdings of the Honorable Melinda Harmon in *In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, MDL No. 1446 (S.D. Tex.).

### FOURTH DEFENSE

Plaintiffs' claims against the Citigroup Defendants are barred, in whole or in part, by the terms of the credit agreements and other relevant documents governing the Syndicated Credit Facilities.

### FIFTH DEFENSE

The Citigroup Defendants are not liable because they have fully performed all of their obligations under the credit agreements governing the Syndicated Credit Facilities.

The Citigroup Defendants are not liable because, under the terms of the credit agreements governing the Syndicated Credit Facilities, they had no duty to disclose any facts allegedly not disclosed.

## SIXTH DEFENSE

Plaintiffs' claims against the Citigroup Defendants are barred, in whole or in part, because the Citigroup Defendants expressly disclaimed responsibility for the accuracy of Enron's representations, statements, or omissions.

## SEVENTH DEFENSE

Plaintiffs' claims against the Citigroup Defendants are barred, in whole or in part, because plaintiffs and/or their purported predecessors in interest certified that they had performed an independent investigation and analysis of Enron without reliance upon the Citigroup Defendants, and because plaintiffs and/or their purported predecessors in interest had a right under the credit agreements governing the Syndicated Credit Facilities to seek additional information directly from Enron.

### EIGHTH DEFENSE

Plaintiffs' claims against the Citigroup Defendants are barred to the extent that plaintiffs and/or their purported predecessors in interest relied on statements or omissions made by any person or entity other than Enron because the credit agreements governing the Syndicated Credit Facilities expressly precluded such reliance.

### NINTH DEFENSE

Plaintiffs' claim against the Citigroup Defendants for breach of implied duty of good faith and fair dealing is barred because it would imply a term that is inconsistent with the credit agreements governing the Syndicated Credit Facilities.

### TENTH DEFENSE

The Citigroup Defendants are not liable because they did not make any false or misleading statements of material fact or omission of material fact, and are not responsible in law or fact for any alleged false or misleading statement or omission of material fact by others.

### ELEVENTH DEFENSE

The Citigroup Defendants are not liable because any alleged misstatements by them were forward-looking statements and/or contained sufficient cautionary language and risk disclosure.

### TWELFTH DEFENSE

The Citigroup Defendants are not liable because any alleged misstatements by them were expressions of opinion and/or repeated publicly-available information.

### THIRTEENTH DEFENSE

The Citigroup Defendants are not liable because they did not act culpably or with scienter.

### FOURTEENTH DEFENSE

The Citigroup Defendants acted at all times in good faith and had no knowledge, and were not reckless in not knowing, that any alleged statements or omissions were false or misleading.

### FIFTEENTH DEFENSE

The Citigroup Defendants are not liable because they did not know, and in the exercise of reasonable care could not have known or had reasonable grounds to believe, that any misstatements or omissions of material fact existed in any of Enron's public filings or public statements.

### SIXTEENTH DEFENSE

The Citigroup Defendants are not liable because they were entitled to, and did, reasonably and in good faith rely on representations made by Enron and were misled by Enron.

### SEVENTEENTH DEFENSE

The Citigroup Defendants are not liable because they were entitled to, and did, reasonably and in good faith rely on representations made by Arthur Andersen LLP ("Andersen"), as Enron's outside independent auditor, and were misled by Andersen.

### EIGHTEENTH DEFENSE

The Citigroup Defendants are not liable because they were entitled to, and did, reasonably and in good faith rely upon the work and conclusions of professionals and

experts in executing or authorizing the execution and/or publication of any document containing the statements complained of in the Complaint.

### NINETEENTH DEFENSE

The Citigroup Defendants acted in good faith and did not culpably participate nor directly or indirectly induce the act or acts constituting the alleged violations and causes of action.

### TWENTIETH DEFENSE

The Citigroup Defendants are not liable because any alleged misrepresentations or omissions for which the Citigroup Defendants are allegedly responsible were not material.

### TWENTY-FIRST DEFENSE

The Citigroup Defendants are not liable because plaintiffs and/or their purported predecessors in interest did not rely on any alleged misstatements or omissions of material fact by the Citigroup Defendants, and the Citigroup Defendants are not responsible in law or fact for any alleged false or misleading statement or omissions of material fact by others on which plaintiffs claim that they or their purported predecessors in interest relied.

### TWENTY-SECOND DEFENSE

Plaintiffs' claims against the Citigroup Defendants are barred, in whole or in part, because plaintiffs and/or their purported predecessors in interest did not reasonably rely on any statements or omissions for which the Citigroup Defendants are allegedly responsible.

### TWENTY-THIRD DEFENSE

The Citigroup Defendants are not liable because plaintiffs' alleged losses were not actually or proximately caused by the Citigroup Defendants.

### TWENTY-FOURTH DEFENSE

The Citigroup Defendants are not liable because the conduct of persons and/or entities other than the Citigroup Defendants was a superseding or intervening cause of any damage, loss, or injury sustained by plaintiffs.

### TWENTY-FIFTH DEFENSE

Plaintiffs' claims against the Citigroup Defendants are barred, in whole or in part, because Enron's failure to repay plaintiffs and/or their purported predecessors in interest resulted from factors other than the alleged acts or failures to act or alleged misrepresentations or omissions in the Complaint.

### TWENTY-SIXTH DEFENSE

Citigroup is not a proper party to this lawsuit in that it engaged in none of the conduct alleged in the Complaint, and as a matter of law it is not responsible for the alleged conduct of its subsidiaries.

### TWENTY-SEVENTH DEFENSE

The Citigroup Defendants are not liable because some or all of the matters now claimed in the Complaint to be the subject of misrepresentations or omissions were publicly disclosed or were in the public domain.

### TWENTY-EIGHTH DEFENSE

Plaintiffs' claims against the Citigroup Defendants are barred, in whole or in part, by the fraud and/or contributory negligence of third parties, including without limitation Andersen and current and/or former officers and employees of Enron.

### TWENTY-NINTH DEFENSE

Plaintiffs' claims against the Citigroup Defendants are barred, in whole or in part, by the comparative fault of third parties, including without limitation Andersen and current and/or former officers and employees of Enron.

### THIRTIETH DEFENSE

Plaintiffs' claims against the Citigroup Defendants are barred, in whole or in part, by the doctrine of unclean hands.

### THIRTY-FIRST DEFENSE

Plaintiff's claims against the Citigroup Defendants are barred, in whole or in part, by the fact that plaintiffs have failed to mitigate their alleged damages.

### THIRTY-SECOND DEFENSE

Plaintiffs' alleged losses, if any, were the sole result of their own conduct, and they assumed the risk of losses on the transactions and transfers at issue in this action.

### THIRTY-THIRD DEFENSE

Plaintiffs' purported damages are nonexistent, speculative, not of the nature or to the extent alleged, and were not the foreseeable result of the Citigroup Defendants' alleged conduct.

### THIRTY-FOURTH DEFENSE

Plaintiffs' claims against the Citigroup Defendants are barred by the doctrines of laches, acquiescence, ratification, waiver and/or estoppel.

### THIRTY-FIFTH DEFENSE

Plaintiffs' claims against the Citigroup Defendants are barred because they would result in unjust enrichment.

### THIRTY-SIXTH DEFENSE

The Complaint fails to allege an adequate basis upon which plaintiffs could recover punitive or exemplary damages.

### THIRTY-SEVENTH DEFENSE

Plaintiffs' claim against the Citigroup Defendants for punitive or exemplary damages is barred as a matter of law.

### THIRTY-EIGHTH DEFENSE

Plaintiffs' claim against the Citigroup Defendants for punitive or exemplary damages is barred because it is based on theories of vicarious liability and would subject the Citigroup Defendants to punishment for the conduct of other persons and entities.

### THIRTY-NINTH DEFENSE

Plaintiffs' claim against the Citigroup Defendants for punitive or exemplary damages is barred to the extent it is precluded by or inconsistent with the holdings of the United States Supreme Court in *BMW of North America, Inc.* v. *Gore*, 517 U.S. 559 (1996), and *Cooper Industries, Inc.* v. *Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001), and/or the holdings of the Court of Appeals of New York in *New York*

*Univ.* v. *Continental Ins. Co.*, 639 N.Y.S.2d 283 (1995), and *Rocanova* v. *Equitable Life Assurance Soc'y of the United States*, 612 N.Y.S.2d 339 (1994).

## FORTIETH DEFENSE

Plaintiffs' claims against the Citigroup Defendants are barred, in whole or in part, by the doctrine of *in pari delicto.*

## FORTY-FIRST DEFENSE

Plaintiffs' claims against the Citigroup Defendants are barred, in whole or in part, because any purported assignment of rights and/or obligations under or concerning the Syndicated Credit Facilities to plaintiffs was invalid as a matter of law and/or fact.

## FORTY-SECOND DEFENSE

Plaintiffs' claims against the Citigroup Defendants are barred, in whole or in part, because plaintiffs lack standing to assert claims under or concerning the Syndicated Credit Facilities.

## FORTY-THIRD DEFENSE

Plaintiffs' claims against the Citigroup Defendants are barred, in whole or in part, because neither plaintiffs nor plaintiffs' purported predecessors-in-interest actually, reasonably, or justifiably relied upon any alleged misstatements or omissions by the Citigroup Defendants.

## FORTY-FOURTH DEFENSE

Plaintiffs' claims against the Citigroup Defendants are barred, in whole or in part, because any alleged purchase by plaintiffs of any interest or rights under or concerning the Syndicated Credit Facilities was made subsequent to Enron's public

disclosures that certain of its financial statements should not be relied upon and/or following Enron's filing for bankruptcy protection.

## FORTY-FIFTH DEFENSE

The Citigroup Defendants hereby reserve and assert all affirmative defenses available under any applicable federal and state law.

## FORTY-SIXTH DEFENSE

The Citigroup Defendants hereby adopt and incorporate by reference any and all other defenses asserted, or that may hereafter be asserted, by any other defendant, to the extent such defense may be available to the Citigroup Defendants.

## FORTY-SEVENTH DEFENSE

The Citigroup Defendants have insufficient knowledge or information upon which to form a belief as to whether there may be additional affirmative defenses available to them, and therefore, reserve the right to assert such additional defenses in the event that discovery indicates that they would be appropriate.

## COUNTERCLAIM

Defendant Citibank, by its undersigned attorneys, for its Counterclaim against DK Acquisition Partners, L.P., Kensington International Limited, Rushmore Capital – I, L.L.C., Rushmore Capital – II, L.L.C., and Springfield Associates, LLC (hereafter, the "Counterclaim Defendants"), states as follows:

## INTRODUCTION

1.    Citibank hereby incorporates its answer and affirmative defenses to the Complaint as if fully set forth herein.

2.    The credit agreements governing the Syndicated Credit Facilities provide for indemnification of the Co-Administrative Agent(s) and the Paying Agent(s).

3.    As Co-Administrative Agent and Paying Agent under the Syndicated Credit Facilities, Citibank is entitled to indemnification from Counterclaim Defendants, as successors-in-interest to certain participating banks under the Syndicated Credit Facilities.

4.    Citibank now brings this counterclaim against Counterclaim Defendants for indemnification under the Syndicated Credit Facilities.

## PARTIES

5.    Defendant and counterclaim-plaintiff Citibank is a national banking association with its principal place of business in New York.

6.    Upon information and belief and according to its own allegations in the Complaint, plaintiff and counterclaim-defendant DK Acquisition Partners, L.P. is a New York limited partnership with its principal place of business in New York.

7.    Upon information and belief and according to its own allegations in the Complaint, plaintiff and counterclaim-defendant Kensington International Limited is a Cayman Islands corporation with its principal place of business on Grand Cayman Island.

8.    Upon information and belief and according to its own allegations in the Complaint, plaintiff and counterclaim-defendant Rushmore Capital – I, L.L.C. is a Massachusetts limited liability company with its principal place of business in Massachusetts.

9.      Upon information and belief and according to its own allegations in the Complaint, plaintiff and counterclaim-defendant Rushmore Capital – II, L.L.C. is a Massachusetts limited liability company with its principal place of business in Massachusetts.

10.      Upon information and belief and according to its own allegations in the Complaint, plaintiff and counterclaim-defendant Springfield Associates, LLC is a Delaware corporation with its principal place of business in New York.

## JURISDICTION AND VENUE

11.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1334, and 28 U.S.C. § 1367.

12.      This Court has personal jurisdiction over Counterclaim Defendants, which have submitted to this jurisdiction by filing the Complaint in this action.

13.      Venue is proper in the Southern District of New York, as all of the Defendants reside in this District.

## COUNTERCLAIM: CONTRACTUAL INDEMNIFICATION
### (By Citibank Against All Counterclaim Defendants)

14.      Citibank hereby incorporates the preceding paragraphs as if fully set forth herein.

15.      The credit agreements governing the Syndicated Credit Facilities were executed by and among the following parties:

    (a)      Enron, as Borrower;

    (b)      Certain financial institutions as participating banks;

    (c)      Citibank, as Paying Agent; and

(d)    Citibank and JPMC Bank, as Co-Administrative Agents.

16.    Counterclaim Defendants allege that they are successors-in-interest to certain original participating banks under the Syndicated Credit Facilities, which, if true, would confer certain obligations upon Counterclaim Defendants as participating banks under the credit agreements governing the Syndicated Credit Facilities.

17.    Pursuant to section 8.07 of the credit agreements governing the Syndicated Credit Facilities, the participating banks agreed to indemnify each Co-Administrative Agent on the following terms:

> SECTION 8.07. <u>Indemnification</u>. The Banks agree to indemnify each Co-Administrative Agent (to the extent not reimbursed by the Borrower), ratably according to the respective principal amounts of the Notes then held by each of them (or if no principal of the Notes is at the time outstanding or if any principal of the Notes is held by any Person which is not a Bank, ratably according to the respective amounts of their Commitments then existing, or, if no such principal amounts are then outstanding (or if any principal of the Notes is held by any Person which is not a Bank) and no Commitments are then existing, ratably according to the respective amounts of the Commitments existing immediately prior to the termination thereof), from and against any and all claims, damages, losses, liabilities and expenses (including without limitation, reasonable fees and disbursements of counsel) of any kind or nature whatsoever which may be imposed on, incurred by, or asserted against such Co-Administrative Agent in any way relating to or arising out of any of the Loan Documents or any action taken or omitted by such Co-Administrative Agent under the Loan Documents (EXPRESSLY INCLUDING ANY SUCH CLAIM, DAMAGE, LOSS, LIABILITY OR EXPENSE ATTRIBUTABLE TO THE ORDINARY, SOLE OR CONTRIBUTORY NEGLIGENCE OF SUCH INDEMNIFIED PARTY, BUT EXCLUDING ANY SUCH CLAIM, DAMAGE, LOSS, LIABILITY OR EXPENSE ATTRIBUTABLE TO THE GROSS NEGLIGENCE OR WILLFUL MISCONDUCT OF SUCH CO-ADMINISTRATIVE AGENT). IT IS THE INTENT OF THE PARTIES HERETO THAT EACH CO-ADMINISTRATIVE AGENT SHALL, TO THE EXTENT PROVIDED

IN THIS SECTION 8.07, BE INDEMNIFIED FOR ITS OWN ORDINARY, SOLE OR CONTRIBUTORY NEGLIGENCE. Without limitation of the foregoing, each Bank agrees to reimburse each Co-Administrative Agent promptly upon demand for such Bank's ratable share of any reasonable out-of-pocket expenses (including reasonable counsel fees) incurred by such Co-Administrative Agent in connection with the preparation, execution, delivery, administration, modification, amendment or enforcement (whether through negotiations, legal proceedings or otherwise) of, or legal advice in respect of rights or responsibilities under, the Loan Documents, or any of them, to the extent that such Co-Administrative Agent is not reimbursed for such expenses by the Borrower. (Emphasis in original.)

18.    Sections 7.07 of the credit agreements governing the Syndicated Credit Facilities confer virtually identical indemnification obligations upon the participating banks with respect to the Paying Agent.

19.    Citibank, as Co-Administrative Agent and Paying Agent under the Syndicated Credit Facilities, has been subjected to the following claims, with consequent potential damages, losses, liabilities, and expenses (including without limitation, reasonable fees and disbursements of counsel) which fall within the indemnification provisions in the credit agreements governing the Syndicated Credit Facilities:

    (a)    The claims asserted by Counterclaim Defendants in the present action;

    (b)    Claims brought by other participant banks in the Syndicated Credit Facilities against Citibank and other defendants, in an action styled *UniCredito Italiano*, 02 CV 5328 (LTS) (S.D.N.Y.) (the "*UniCredito* action");

    (c)    Claims brought by other participant banks in the Syndicated Credit Facilities against Citibank and other defendants, in an action styled *Bayerische Landesbank, et al.* v. *JPMorgan Chase Bank, et al.*, 04 CV 2259 (JSR) (S.D.N.Y.) (the "*Bayerische* action");

    (d)    Claims brought by alleged successors-in-interest to other participant banks in the Syndicated Credit Facilities against Citibank and other defendants, in an action styled *Avenue Capital Management II, L.P., et al.,* v. *J.P. Morgan-Chase & Co., et al.*, 08 CV 447 (LST) (S.D.N.Y.) (the "*Avenue Capital* action");

    (e)    Claims brought by Citibank, as Paying Agent, on behalf of the participating banks in the Syndicated Credit Facilities in *In re Enron Corp.*, Case No. 01-16034 (AJG) (Bankr. S.D.N.Y.) (the "*Enron* bankruptcy action").

20.    Citibank, as Co-Administrative Agent and Paying Agent under the Syndicated Credit Facilities, is entitled to be indemnified by Counterclaim Defendants for the claims made against Citibank in the present action, the *UniCredito* action, the *Bayerische* action, and the *Avenue Capital* action, and for the claims made by Citibank, on behalf of the participating banks in the Syndicated Credit Facilities, in the *Enron* bankruptcy action, according to the terms of the credit agreements governing the Syndicated Credit Facilities.

21.    The total amount of any potential damages, losses, and liabilities of Citibank in the present action, the *UniCredito* action, the *Bayerische* action, and the *Avenue Capital* action is presently undetermined.

22.    Citibank is also incurring ongoing expenses in connection with its role as Co-Administrative Agent and Paying Agent under the Syndicated Credit Facilities, including without limitation its defense of the present action, the *UniCredito* action, and the *Avenue Capital* action, and its prosecution of the *Enron* bankruptcy action.

## **PRAYER FOR RELIEF**

WHEREFORE, the Citigroup Defendants respectfully request that the Court:

(a)    Enter judgment dismissing all claims asserted against the Citigroup Defendants with prejudice;

(b)    Award the Citigroup Defendants damages on the Citigroup Defendants' Counterclaim for contractual indemnification, in an amount to be determined at trial;

(c)    Award the Citigroup Defendants the costs and disbursements of this action; and

(d)    Award such other and further relief as the Court deems just and proper.

## <u>DEMAND FOR TRIAL BY JURY</u>

The Citigroup Defendants hereby demand a trial by jury on all issues so triable.

Dated:   New York, New York
          May 1, 2008

Brad S. Karp
Michael E. Gertzman
Claudia L. Hammerman
PAUL WEISS RIFKIND
    WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019-6064
Telephone: (212) 373-3000
Telecopier: (212) 757-3990
mgertzman@paulweiss.com

*Attorneys for Defendants Citigroup Inc.,*
*Citibank, N.A., and Citigroup Global Markets*
*Inc.*

60

AFFIDAVIT OF SERVICE BY FIRST CLASS MAIL

STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF NEW YORK  )

Austin K. Wilkinson, being duly sworn, deposes and says:

1.  I am not a party to this action, am over 18 years of age and am employed by Paul,

Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York,

New York 10019.

2.  On May 1, 2008, I served a true copy of the attached

ANSWER AND COUNTERCLAIM OF DEFENDANTS CITIGROUP INC.,

CITIBANK, N.A., AND CITIGROUP GLOBAL MARKETS INC. TO PLAINTIFFS'

SECOND AMENDED COMPLAINT on the following:


James B. Heaton, III
Bartlit Beck Herman Palenchar & Scott LLP (IL)
54 West Hubbard Street
Suite 300
Chicago, IL 60610


David Parker
Kleinberg, Kaplan,Wolff & Cohen,P.C.
551 Fifth Avenue
New York, NY 10176


Marc R. Rosen
Kleinberg,Kaplan,Wolff & Cohen,P.C.
551 Fifth Avenue
New York, NY 10176

Thomas C. Rice
Simpson Thacher & Bartlett LLP (NY)
425 Lexington Avenue
New York, NY 10017

3. I made such service by personally enclosing true copies of the aforementioned

document in properly addressed prepaid wrappers and depositing them into an official

depository under the exclusive custody and care of the United States Postal Service

within the State of New York.

Austin K. Wilkinson
License # 0873108

Sworn to before me this
_1st_ day of May, 2008

Notary Public

**RICARDO ENRIQUE NOSSA**
Notary Public, State of New York
No. 01NO6109998
Qualified in Nassau County
Commission Expires May 24, 2008