UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- x
DK ACQUISITION PARTNERS, L. P., :
KENSINGTON INTERNATIONAL LIMITED, :
RUSHMORE CAPITAL-I, L. L. C., RUSHMORE :
CAPITAL-II, L. L. C., and SPRINGFIELD :
ASSOCIATES, LLC, :
 :
                          Plaintiffs, :      08 Civ. 0446 (LTS)
 :
     - against - :      *Jury Trial Demanded*
 :
 :
J. P. MORGAN CHASE & CO., JPMORGAN CHASE :
BANK, J. P. MORGAN SECURITIES INC., CITIGROUP :
INC., CITIBANK, N.A., and CITIGROUP GLOBAL :
MARKETS, INC. f/k/a Salomon Smith Barney, :
 :
                         Defendants. :
 :
---------------------------------------- x

## PLAINTIFFS' REPLY TO COUNTERCLAIM OF DEFENDANT CITIBANK, N.A.

DK Acquisition Partners, L. P., Kensington International Limited, Rushmore Capital-I, L.L.C., Rushmore Capital-II, L.L.C., and Springfield Associates, LLC (collectively, the "Plaintiffs"), by their undersigned attorneys, for their reply to the counterclaim (the "Counterclaim") filed by defendant Citibank, N.A. ("Citibank"), state as follows:

     1.     The allegations in paragraph 1 of the Counterclaim do not require an answer; to the extent an answer is required, Plaintiffs deny the allegations in paragraph 1 of the Counterclaim.

1

2. Plaintiffs deny the allegations in paragraph 2 of the Counterclaim, except admit that the credit agreements governing the Syndicated Credit Facilities[1] contain certain indemnification provisions and respectfully refer the Court to the credit agreements for the terms of the indemnification provisions.

3. Plaintiffs deny the allegations in paragraph 3 of the Counterclaim.

4. Plaintiffs deny the allegations in paragraph 4 of the Counterclaim, except admit that Citibank purports to assert a counterclaim against Plaintiffs for indemnification under the Syndicated Credit Facilities.

5-11. Plaintiffs admit the allegations in paragraphs 5 through 11 of the Counterclaim.

12. Plaintiffs deny the allegations in paragraph 12 of the Counterclaim, except admit that the Court has personal jurisdiction over Plaintiffs.

13. Plaintiffs deny the allegations in paragraph 13 of the Counterclaim, except admit that venue is proper in this District.

14. With respect to the allegations in paragraph 14 of the Counterclaim, Plaintiffs repeat and reallege their responses to the allegations in paragraphs 1 through 13.

15. Plaintiffs admit the allegations in paragraph 15 of the Counterclaim.

16. Plaintiffs deny the allegations in paragraph 16 of the Counterclaim, except admit that Plaintiffs are successors-in-interest to certain participating lenders under the Syndicated Credit Facilities and respectfully refer the Court to the Second Amended Complaint dated March 25, 2008 for the details of Plaintiffs' allegations.

---

[1] Capitalized terms not defined herein shall have the same meaning as in the Answer and Counterclaim of Defendants Citigroup Inc., Citibank, N.A., and Citigroup Global Markets Inc. to Plaintiffs' Second Amended Complaint dated May 1, 2008.

2

MROSEN\132920.3 - 5/21/08

17. Plaintiffs admit the allegations in paragraph 17 of the Counterclaim.

18. Plaintiffs deny the allegations in paragraph 18 of the Counterclaim, except respectfully refer the Court to Sections 7.07 of the credit agreements for the terms of the indemnification provisions.

19. Plaintiffs deny the allegations in paragraph 19 of the Counterclaim, except admit that Citibank has been subject to the claims identified in sub-paragraphs (a) through (e) of paragraph 19 of the Counterclaim.

20. Plaintiffs deny the allegations in paragraph 20 of the Counterclaim.

21. Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Counterclaim.

22. Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Counterclaim.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

23. The Counterclaim fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

24. The Counterclaim is barred, in whole or in part, by the terms of the credit agreements and other relevant documents governing the Syndicated Credit Facilities.

### Third Affirmative Defense

25. The Counterclaim is barred, in whole or in part, because the indemnification provisions that form the basis of the Counterclaim expressly exclude indemnification for claims attributable to Citibank's gross negligence or willful misconduct.

### Fourth Affirmative Defense

26. The Counterclaim is barred, in whole or in part, because the claims for which Citibank seeks indemnification are attributable to Citibank's fraudulent conduct.

### Fifth Affirmative Defense

27. The Counterclaim is barred, in whole or in part, because the indemnification provisions relied upon by Citibank are inapplicable because the acts giving rise to the claims against Citibank were not committed by Citibank in its capacity as Agent under the Credit Facility Agreements.

### Sixth Affirmative Defense

28. The Counterclaim is barred, in whole or in part, because the indemnification provisions relied upon by Citibank are inapplicable because the expenses for which Citibank seeks indemnification were not incurred by Citibank in its capacity as Agent under the Credit Facility Agreements.

### Seventh Affirmative Defense

29. Plaintiffs hereby reserve and assert all affirmative defenses available under any applicable federal and state law.

WHEREFORE, Plaintiffs demand judgment dismissing the Counterclaim with prejudice, denying Citibank any judgment, recovery or relief, and awarding Plaintiffs their costs and disbursements in this action, including reasonable attorneys' fees, and such other and additional relief as may be just and proper.

Dated: May 21, 2008

>Philip S. Beck
>James B. Heaton, III
>Cindy L. Sobel
>**BARTLIT BECK HERMAN**
>   **PALENCHAR & SCOTT LLP**
>Courthouse Place
>54 West Hubbard Street, Suite 300
>Chicago, Illinois 60610
>Telephone: (312) 494-4400
>Facsimile:   (312) 494-4440
>
>- and -
>
>**KLEINBERG, KAPLAN, WOLFF & COHEN, P.C.**
>
>By: _/s/_____
>     David Parker
>     Marc R. Rosen
>
>551 Fifth Avenue, 18th Floor
>New York, New York 10176
>Telephone: (212) 986-6000
>Facsimile:   (212) 986-8866
>
>Attorneys for Plaintiffs
>   **DK ACQUISITION PARTNERS, L. P.,**
>   **KENSINGTON INTERNATIONAL LIMITED,**
>   **RUSHMORE CAPITAL-I, L. L. C.,**
>   **RUSHMORE CAPITAL-II, L. L. C., AND**
>   **SPRINGFIELD ASSOCIATES, LLC**

5

MROSEN\132920.3 - 5/21/08