UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------- x
DK ACQUISITION PARTNERS, L. P.,  :
KENSINGTON INTERNATIONAL LIMITED,  :
RUSHMORE CAPITAL-I, L. L. C., RUSHMORE  :
CAPITAL-II, L. L. C., and SPRINGFIELD  :
ASSOCIATES, LLC,  :
 :
                          Plaintiffs,  :     08 Civ. 0446 (LTS)
 :
        - against -  :     *Jury Trial Demanded*
 :
J. P. MORGAN CHASE & CO., JPMORGAN CHASE  :
BANK, J. P. MORGAN SECURITIES INC., CITIGROUP  :
INC., CITIBANK, N.A., and CITIGROUP GLOBAL  :
MARKETS, INC. f/k/a Salomon Smith Barney,  :
 :
                          Defendants.  :
 :
------------------------------------------------- x

## PLAINTIFFS' REPLY TO COUNTERCLAIM
## OF DEFENDANT JPMORGAN CHASE BANK

     DK Acquisition Partners, L. P., Kensington International Limited, Rushmore Capital-I, L.L.C., Rushmore Capital-II, L.L.C., and Springfield Associates, LLC (collectively, the "Plaintiffs"), by their undersigned attorneys, for their reply to the counterclaim (the "Counterclaim") filed by defendant JPMorgan Chase Bank ("JPMC Bank"), state as follows:

     1.    The allegations in paragraph 1 of the Counterclaim do not require an answer; to the extent an answer is required, Plaintiffs deny the allegations in paragraph 1 of the Counterclaim.

2.   Plaintiffs deny the allegations in paragraph 2 of the Counterclaim, except admit that JPMC Bank purports to assert a counterclaim against Plaintiffs for indemnification pursuant to the 2000 and 2001 Credit Facilities.[1]

3-9.   Plaintiffs admit the allegations in paragraphs 3 through 9 of the Counterclaim.

10.   Plaintiffs deny the allegations in paragraph 10 of the Counterclaim, except admit that the Court has personal jurisdiction over Plaintiffs.

11.   Plaintiffs deny the allegations in paragraph 11 of the Counterclaim, except admit that venue is proper in this District.

12.   With respect to the allegations in paragraph 12 of the Counterclaim, Plaintiffs repeat and reallege their responses to the allegations in paragraphs 1 through 11.

13.   Plaintiffs deny the allegations in paragraph 13 of the Counterclaim, except admit that JPMC Bank purports to assert a counterclaim against Plaintiffs for indemnification pursuant to the 2000 and 2001 Credit Facilities.

14.   Plaintiffs admit the allegations in paragraph 14 of the Counterclaim.

15.   Plaintiffs deny the allegations in paragraph 15 of the Counterclaim, except admit that Plaintiffs are successors-in-interest to certain participating lenders under the 2000 and 2001 Credit Facilities and respectfully refer the Court to the Second Amended Complaint dated March 25, 2008 for the details of Plaintiffs' allegations.

16.   Plaintiffs admit the allegations in paragraph 16 of the Counterclaim.

---

[1] Capitalized terms not defined herein shall have the same meaning as in the Answer and Counterclaim of Defendants JPMorgan Chase & Co., JPMorgan Chase Bank, and J.P. Morgan Securities, Inc. to Plaintiffs' Second Amended Complaint dated May 1, 2008.

MROSEN\132900.3 - 5/21/08

17. Plaintiffs deny the allegations in paragraph 17 of the Counterclaim, except admit that JPMC Bank has been subject to the claims identified in sub-paragraphs (a) through (d) of paragraph 17 of the Counterclaim.

18. Plaintiffs deny the allegations in paragraph 18 of the Counterclaim.

19. Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Counterclaim.

20. Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Counterclaim.

21. Plaintiffs deny the allegations in paragraph 21 of the Counterclaim.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

22. The Counterclaim fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

23. The Counterclaim is barred, in whole or in part, by the terms of the credit agreements and other relevant documents governing the Syndicated Credit Facilities.

### Third Affirmative Defense

24. The Counterclaim is barred, in whole or in part, because the indemnification provisions that form the basis of the Counterclaim expressly exclude indemnification for claims attributable to JPMC Bank's gross negligence or willful misconduct.

### Fourth Affirmative Defense

25. The Counterclaim is barred, in whole or in part, because the claims for which JPMC Bank seeks indemnification are attributable to JPMC Bank's fraudulent conduct.

Fifth Affirmative Defense

26. The Counterclaim is barred, in whole or in part, because the indemnification provisions relied upon by JPMC Bank are inapplicable because the acts giving rise to the claims against JPMC Bank were not committed by JPMC Bank in its capacity as Agent under the Credit Facility Agreements.

Sixth Affirmative Defense

27. The Counterclaim is barred, in whole or in part, because the indemnification provisions relied upon by JPMC Bank are inapplicable because the expenses for which JPMC Bank seeks indemnification were not incurred by JPMC Bank in its capacity as Agent under the Credit Facility Agreements.

Seventh Affirmative Defense

28. Plaintiffs hereby reserve and assert all affirmative defenses available under any applicable federal and state law.

WHEREFORE, Plaintiffs demand judgment dismissing the Counterclaim with prejudice, denying JPMC Bank any judgment, recovery or relief, and awarding Plaintiffs their costs and disbursements in this action, including reasonable attorneys' fees, and such other and additional relief as may be just and proper.

Dated: May 21, 2008

                                        Philip S. Beck
                                        James B. Heaton, III
                                        Cindy L. Sobel
                                        **BARTLIT BECK HERMAN**
                                              **PALENCHAR & SCOTT LLP**
                                        Courthouse Place
                                        54 West Hubbard Street, Suite 300
                                        Chicago, Illinois 60610
                                        Telephone: (312) 494-4400
                                        Facsimile:  (312) 494-4440

- and -

**KLEINBERG, KAPLAN, WOLFF & COHEN, P.C.**

By: _____
David Parker
Marc R. Rosen

551 Fifth Avenue, 18th Floor
New York, New York 10176
Telephone: (212) 986-6000
Facsimile: (212) 986-8866

**Attorneys for Plaintiffs**
DK ACQUISITION PARTNERS, L. P.,
KENSINGTON INTERNATIONAL LIMITED,
RUSHMORE CAPITAL-I, L. L. C.,
RUSHMORE CAPITAL-II, L. L. C., AND
SPRINGFIELD ASSOCIATES, LLC