Pleading Citations Conformed to DK Acquisition Second Amended Complaint

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

```
----------------------------------------------------------- x
UNICREDITO ITALIANO SPA and BANK                  :
POLSKA KASA OPIEKI SA                             :
                                                  :
                                                  :
                              Plaintiffs,         :
                                                  :
                                                  :
            v.                                    :     Civil Action No. 02 Civ. 5328 (LTS)
                                                  :
                                                  :
JPMORGAN CHASE BANK, J.P. MORGAN                  :
CHASE & CO., J.P. MORGAN SECURITIES,              :
INC., CITIBANK, N.A., CITIGROUP, INC. and         :
CITIGROUP GLOBAL MARKETS INC.                     :
(FORMERLY SALOMON SMITH BARNEY                    :
INC.)                                             :
                                                  :
                                                  :
                              Defendants.         :
----------------------------------------------------------- x
DK ACQUISITION PARTNERS, L.P.,                    :
KENSINGTON INTERNATIONAL LIMITED,                 :
RUSHMORE CAPITAL-I, L.L.C., RUSHMORE              :
CAPITAL-II, L.L.C., and SPRINGFIELD               :
ASSOCIATES, LLC.,                                 :
                                                  :
                                                  :
                              Plaintiffs,         :     Civil Action No. 08 Civ. 0446 (LTS)
                                                  :
                                                  :
            v.                                    :
                                                  :
                                                  :
JPMORGAN CHASE & CO., JPMORGAN                    :
CHASE BANK, J.P. MORGAN SECURITIES,               :
INC., CITIGROUP INC., CITIBANK, N.A. and          :
CITIGROUP GLOBAL MARKETS, INC. f/k/a              :
Salomon Smith Barney,                             :
                                                  :
                              Defendants.         :
----------------------------------------------------------- x
```

[Caption continued on following page]

```
------------------------------------------------------------- X
AVENUE CAPITAL MANAGEMENT II, L.P.,        :
GRACIE CAPITAL, L.P., HALCYON FUND,        :
L.P., KING STREET CAPITAL, L.P.,           :
LONGACRE MASTER FUND, LTD., MAN MAC        :
3 LIMITED, ORE HILL FUND HUB LTD.,         :
MARATHON SPECIAL OPPORTUNITY               :
MASTER FUND, LTD., RCG CARPATHIA           :
MASTER FUND, LTD., REDWOOD MASTER          :
FUND, LTD., SCOGGIN CAPITAL                :
MANAGEMENT, L.P. II, SCOGGIN               :
INTERNATIONAL FUND, LTD., SCOTTWOOD        :
CAPITAL MANAGEMENT, LLC, SPCP GROUP,       :
LLC, STRATEGIC VALUE CREDIT                :      Civil Action No. 08 Civ. 0447 (LTS)
OPPORTUNITIES MASTER FUND, L.P.,           :
STRATEGIC VALUE MASTER FUND, LTD.,         :
and TRILOGY CAPITAL, LLC,                  :
                                           :
                              Plaintiffs,  :
                                           :
              v.                           :
                                           :
JPMORGAN CHASE & CO., JPMORGAN             :
CHASE BANK, J.P. MORGAN SECURITIES,        :
INC., CITIGROUP INC., CITIBANK, N.A., and  :
CITIGROUP GLOBAL MARKETS, INC. f/k/a       :
Salomon Smith Barney,                      :
                                           :
                              Defendants.  :
------------------------------------------------------------- X
```

## REPLY MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

## Table of Contents

**Page**

TABLE OF AUTHORITIES ................................................................................................II

PRELIMINARY STATEMENT ........................................................................................... 1

ARGUMENT ................................................................................................................ 3

STANDARD FOR SUMMARY JUDGMENT ......................................................................... 3

    I.    Plaintiffs Cannot Prove that Defendants' Transactions with Enron Were the Proximate Cause of Their Injuries .......................................................... 3

        A.    Plaintiffs Must Prove That Defendants Directly Caused Plaintiffs' Losses 3

        B.    Plaintiffs Have Adduced No Evidence That Defendants Directly Caused Plaintiffs' Losses .............................................................. 8

        C.    Summary Judgment Must be Granted Where the Record Contains No Evidence Showing Proximate Cause ....................................... 10

CONCLUSION ............................................................................................................ 10

i

TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bank Brussels Lambert v. Chase Manhattan Bank*, No. 93 Civ. 5298,
1996 WL 609439 (S.D.N.Y. Oct. 23, 1996) ....................................................... 10

*Bastian v. Petren Resources Corp.*, 892 F.2d 680 (7th Cir. 1990) ................................. 6, 8

*Bennett v. United States Trust Co.*, 770 F.2d 308 (2d Cir. 1985) ...................................... 4

*Caldarola v. Calabrese*, 298 F.3d 156 (2d Cir. 2002) ......................................................... 3

*Cathay Pac. Airways v. Fly & See Travel*, 3 F. Supp.2d 443 (S.D.N.Y.
1998) ............................................................................................................................... 5

*Citibank, N.A. v. K-H Corp.,* 968 F.2d 1489 (2d Cir. 1992) ............................................... 5

*Cumberland Oil Corp. v. Thropp*, 791 F.2d 1037 (2d Cir. 1986) .................................... 10

*First Nationwide Bank v. Gelt Funding Corp.*, 27 F.3d 763 (2d Cir.
1994) ................................................................................................................... 2, 4, 5, 8

*Hayden v. Dunlap*, 84 S.W.2d 306 (Tex. Civ. App. 1935) ................................................ 2

*Hydro Investors, Inc. v. Trafalgar Power Inc.*, 227 F.3d 8 (2d Cir.
2000) .............................................................................................................................. 7

*Internet Law Library v. Southridge Capital Mgmt., LLC*, No. 01 Civ.
6600, 2007 WL 1222583 (S.D.N.Y. Apr. 27, 2007) ..................................................... 5

*Kerzer v. Kingly Mfg.*, 156 F.3d 396 (2d Cir. 1998) .......................................................... 3

*Kregos v. Associated Press*, 3 F.3d 656 (2d Cir. 1993) ..................................................... 7

*Matthews v. Schusheim*, 346 N.Y.S.2d 386 (2d Dep't 1973).............................................. 7

*McDaniel v. Bear Stearns & Co., Inc.,* 196 F. Supp. 2d 343 (S.D.N.Y.
2002) .............................................................................................................................. 5

*Meyercord v. Curry*, 832 N.Y.S.2d 29 (1st Dep't 2007)................................................. 2, 4

*Mumphord v. First Victoria National Bank,* 605 S.W.2d 701 (Tex.
Civ. App. 1980) ............................................................................................................. 4

*Powell v. Nat'l Bd. of Med. Exam'rs*, 364 F.3d 79 (2d Cir. 2004)................................ 3, 10

**Page(s)**

*Reino de Espana v. Am. Bureau of Shipping, Inc.*, 528 F. Supp. 2d
455 (S.D.N.Y. 2008) ................................................................................ 3

*Revak v. SEC Realty Corp.*, 18 F.3d 81 (2d Cir. 1994) ........................................ 7

*Salahuddin v. Goord*, 467 F.3d 263 (2d Cir. 2006) ..................................... 3, 10

*Thomas v. Beckering*, 391 S.W.2d 771 (Tex. Civ. App. Tyler 1965) ................................ 7

*Unterberg Harris Private Equity Partners, L.P. v. Xerox Corp.*, 995
F. Supp. 437 (S.D.N.Y. 1998) ................................................................ 10

Defendants JPMorgan Chase & Co., JPMorgan Chase Bank, N.A., and J.P. Morgan Securities Inc. (collectively, "JPMorgan Chase"), and Citigroup Inc., Citibank, N.A., and Citigroup Global Markets, Inc., f/k/a Salomon Smith Barney Inc. (collectively, "Citigroup"), respectfully submit this reply memorandum of law in further support of their motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.[1]

### PRELIMINARY STATEMENT

This motion raises a simple question that is dispositive of the claims in these cases: can Plaintiffs prove that their alleged losses were *directly caused* by Defendants' alleged misconduct?  While case law makes clear that proximate causation is an essential element of each cause of action at issue in this motion, Plaintiffs remarkably assert that they "*do not need to establish that Defendants caused Enron's failure to repay the Lenders.*"  Plfs. Opp. at 2.  Plaintiffs are dead wrong.  None of the cases they cite supports the far-fetched notion that Defendants can be held legally responsible for potentially billions of dollars of losses when **Defendants' alleged wrongdoing did not cause those losses**.  To state the argument is to refute it.

Plaintiffs' opposition is premised on an incorrect understanding of the law of proximate causation as it applies to this case.  Essentially, Plaintiffs improperly conflate "transaction causation" and "proximate causation" into a single amorphous test that would only require proof that a defendant's actions were "a substantial factor in the sequence of responsible causation" and that the plaintiff's injury was "reasonably foreseeable."  *Id.* at 14.  This is not the law.  As Defendants explained in their opening brief, in order to prevail on their claims under either New York or Texas law, Plaintiffs must prove not only that they would not have entered into or

---

[1]    The claims at issue in this motion are Counts I-II and V in *UniCredito Italiano SpA, et al. v. JPMorgan Chase Bank, et al.* (No. 02 Civ. 5328), Counts I, II, V, VI, VIII and X in *DK Acquisition Partners, L.P., et al. v. JPMorgan Chase & Co., et al.* (No. 08 Civ. 0446), and Counts I-V in *Avenue Capital Management II, L.P., et al. v. JPMorgan Chase & Co., et al.* (No. 08 Civ. 0447).  Defined terms in this brief have the same meaning as they were given in Defendants' opening brief dated December 6, 2007.

1

funded the Credit Facilities "but for" Defendants' alleged fraud, they must also show as a separate

and distinct element that their losses were *directly caused* by Defendants' alleged misconduct.  This

requires Plaintiffs to establish that the subject of the alleged misrepresentations – *i.e.,* the prepay

and other structured finance transactions that Defendants engaged in with Enron, and which

Plaintiffs assert were accounted for incorrectly – was the reason Plaintiffs' transaction "turned out

to be a losing one." *First Nationwide Bank v. Gelt Funding Corp.*, 27 F.3d 763, 769 (2d Cir. 1994).[2]

       This requirement is fatal to Plaintiffs' claims.  Plaintiffs have adduced no evidence

that would permit a jury to conclude that Defendants' alleged wrongdoing caused Enron to be

unable to repay the Lenders.  Plaintiffs identify no fact witnesses, no expert witnesses, and no

documents through which they can establish proximate causation or that even raise a genuine issue

of material fact for trial.  Unable to present evidence with respect to proximate causation – which is

the only issue on this motion – Plaintiffs transparently seek to distract the Court's attention from the

issue by flooding the record with factual allegations that have nothing whatsoever to do with

proximate causation.  The evidence Plaintiffs raise, insofar as it relates to causation at all (and most

of the evidence they cite does not) at most goes only to the issue of *transaction causation, i.e.,* the

claim that Defendants' misrepresentations induced the Lenders to enter into, and fund, the Credit

Facilities.  Plaintiffs point to no evidence whatsoever in their 25-page brief or 60-page Statement of

Material Facts that shows *loss causation.*

---

[2]    Although Plaintiffs cite largely to New York law in the "Applicable Law of Causation" section in their opposition brief, Defendants have established that Plaintiffs cannot meet their burden of proof under either New York or Texas law, which have substantially the same elements for common law fraud claims.  *Compare Meyercord v. Curry*, 832 N.Y.S.2d 29, 30-31 (1st Dep't 2007) ("Plaintiff must show both that defendant's misrepresentation induced plaintiff to engage in the transaction in question (transaction causation) and that the misrepresentations directly caused the loss about which plaintiff complains (loss causation).."), *with Hayden v. Dunlap*, 84 S.W.2d 306, 310 (Tex. Civ. App. 1935) (stating that plaintiff must prove it "relied upon [defendant's] representations and was induced thereby to enter into the contract; but, also, the pleadings and proof must further show that such representations were the proximate cause of plaintiff's damage.  In cases of this character, not only the fraudulent representations must be established as pleaded, but also the causal connection between such representations and the damages sustained.").  Therefore, the Court need not undertake a choice-of-law analysis to rule on this motion.

Defendants do not bear the burden of proving what caused Enron's inability to repay the Lenders. It is plain, however, that Defendants' transactions with Enron did not cause the company's precipitous collapse. Quite the opposite, the transactions between Defendants and Enron that Plaintiffs challenge provided Enron with billions of dollars in financing. Plaintiffs do not even attempt to draw a connection – and there is none – between the Challenged Transactions and the losses Plaintiffs assert in this lawsuit. The absence of any proof on this essential element of Plaintiffs' claims requires that Defendants' motion be granted.

## ARGUMENT

### STANDARD FOR SUMMARY JUDGMENT

Where, as here, a party moving for summary judgment demonstrates the absence of a genuine issue of material fact, the non-movant "must come forward with specific facts showing that there is a genuine issue for trial." *Caldarola v. Calabrese*, 298 F.3d 156, 160 (2d Cir. 2002) (citation omitted). "'Conclusory allegations, conjecture and speculation' do not establish a genuine issue of fact." *Reino de Espana v. Am. Bureau of Shipping, Inc*., 528 F. Supp. 2d 455, 457 (S.D.N.Y. 2008) (Swain, J.) (quoting *Kerzer v. Kingly Mfg.*, 156 F.3d 396, 400 (2d Cir. 1998)); *see also Cifarelli v. Vill. of Babylon*, 93 F.3d 47, 51 (2d Cir. 1996) (same). Summary judgment should be granted where, as here, a plaintiff fails to produce evidence on an essential element of its claim. *See Salahuddin v. Goord*, 467 F.3d 263, 281 (2d Cir. 2006); *Powell v. Nat'l Bd. of Med. Exam'rs*, 364 F.3d 79, 84 (2d Cir. 2004).

## I.   PLAINTIFFS CANNOT PROVE THAT DEFENDANTS' TRANSACTIONS WITH ENRON WERE THE PROXIMATE CAUSE OF THEIR INJURIES

### A.   Plaintiffs Must Prove That Defendants Directly Caused Plaintiffs' Losses

Defendants' moving brief established that proximate cause is an essential element of each of Plaintiffs' claims, a fundamental requirement which Plaintiffs do not dispute. *See* Opening Brief at 13, n.18. Defendants further established that, under well-settled New York *and* Texas law,

3

the standard for satisfying that element is clear:  "[P]laintiff must show both that defendant's misrepresentation induced plaintiff to engage in the transaction in question (transaction causation) and that the misrepresentations *directly caused* the loss about which plaintiff complains (loss causation)."  *Meyercord*, 832 N.Y.S.2d at 30-31 (emphasis added) (citation omitted); *accord Laub v. Faessel*, 745 N.Y.S.2d 534, 536 (1st Dep't 2002); *see also Mumphord v. First Victoria Nat'l Bank,* 605 S.W.2d 701, 704 (Tex. Civ. App. 1980) ("There must be pleading and proof of a pecuniary loss suffered which is *directly traceable* to and which resulted from the false representation upon which the injured party relied.") (emphasis added).  Here, "transaction" or "but for" causation requires Plaintiffs to show that "but for" Defendants' alleged fraud, they would not have entered into or funded the Credit Facilities.  *See First Nationwide Bank*, 27 F.3d at 769.  "Loss causation," the focus of Defendants' present motion, requires Plaintiffs to further show that the subject of Defendants' alleged misrepresentations was the *direct cause* of their losses.  In other words, Defendants' transactions with Enron that Plaintiffs allege were incorrectly accounted for must be "the reason the transaction turned out to be a losing one" for Plaintiffs.  *Id.*

Moreover, in applying the loss causation requirement, courts have consistently held that when *other factors* besides the defendant's alleged fraud could have caused the plaintiff's losses, the defendant's actions cannot be the "direct cause" of those losses, and the essential element of proximate cause is not satisfied.  Indeed, a plaintiff must show that the defendant's alleged fraud was the *independent* cause of the claimed losses.  *See Bennett v. United States Trust Co.*, 770 F.2d 308, 316 (2d Cir. 1985) ("To establish the required causation, the plaintiff must show that the loss was a direct result of the defendant's wrongful actions and [that it was] independent of other causes. Again, the [Plaintiff's] but-for allegations are insufficient to state a cause of action.") (citations omitted); *see also Cathay Pac. Airways v. Fly & See Travel*, 3 F. Supp. 2d 443, 451 (S.D.N.Y. 1998) ("[T]he plaintiff must show that the loss was a direct result of the defendant's wrongful

4

actions and [that it was] independent of other causes.  In other words, plaintiff must prove both transaction and loss causation.  Where, as here, factors other than the defendant's fraud are an intervening direct cause of a plaintiff's injury, that same injury cannot be said to have occurred by reason of the defendants' actions.") (citations omitted).

Plaintiffs do not dispute the holding or validity of this long line of cases.  In fact, Plaintiffs actually cite to several of them in their opposition.[3]  Yet, in the face of this overwhelming authority, Plaintiffs argue that Defendants "misstate" the standard for proximate cause.  *See* Plfs. Opp. at 2.  Not so – it is Plaintiffs who misstate the standard.  Citing *McDaniel v. Bear Stearns & Co., Inc.,* 196 F. Supp. 2d 343 (S.D.N.Y. 2002) – a case heard on a motion to vacate an arbitration award and not in the first instance – Plaintiffs contend that proximate cause requires them only to show that Defendants' actions were a "substantial factor" in causing their losses and that such losses were "reasonably foreseeable."  *See* Plfs. Opp. at 3, 14.  Plaintiffs, however, misapply *McDaniel*. The district court in *McDaniel* did not purport to announce a new or different standard for proximate causation under New York law, but instead relied directly upon the Second Circuit's decision in *First Nationwide Bank*, which sets forth the applicable standard for proximate causation.

In *First Nationwide Bank*, the plaintiff, an issuer of non-recourse mortgage loans for commercial property, brought RICO and common law fraud claims against the defendant, a mortgage broker that represented the borrowers, claiming that the defendant overstated the value of the properties pledged as collateral by the borrowers, which caused the plaintiff to loan greater amounts than it would have had it known the true value of the collateral.  The plaintiff sought to recover damages representing the difference between the amount it actually loaned and the amount it would have loaned "but for" the defendant's misrepresentation.  In affirming the district court's

---

[3]     *See* Plfs. Opp. at 15 (*citing Laub v. Faessel,* 297 A.D.2d 28 (1st Dep't 2002); *Internet Law Library v. Southridge Capital Mgmt., LLC,* No. 01 Civ. 6600, 2007 WL 1222583 (S.D.N.Y. Apr. 27, 2007)), and at 16 n.11 (*citing Citibank, N.A. v. K-H Corp.,* 968 F.2d 1489 (2d Cir. 1992); *First Nationwide Bank v. Gelt Funding Corp.,* 27 F.3d 763 (2d Cir. 1994)).

dismissal of the complaint, the Second Circuit concluded that proximate cause was not properly alleged. *Id.* at 769-772. The court stated as follows:

> In the context of predicate acts grounded in fraud, the proximate cause requirement means that the plaintiff must prove both transaction and loss causation. Thus, in addition to showing that but for the defendant's misrepresentations the transaction would not have come about, the defendant [*sic*] must also show that the misstatements were the reason the transaction turned out to be a losing one. Furthermore, when factors other than the defendant's fraud are an intervening direct cause of a plaintiff's injury, that same injury cannot be said to have occurred by reason of the defendant's actions.

*Id.* at 769. The court went on to hold that the plaintiff had not alleged loss causation properly because "external factors" such as swings in the Manhattan real estate market, and not the alleged misrepresentations, could have caused the plaintiff's losses. *Id.* at 772. As the court explained, the plaintiff may "'have alleged the cause of [its] entering into the transaction in which [it] lost money' but it has not alleged 'the cause of the transaction's turning out to be a losing one.'" *Id.* (citing *Bastian v. Petren Res. Corp.*, 892 F.2d 680, 684 (7th Cir. 1990)).

Plaintiffs utterly fail to grapple with the standard for proximate causation set forth in *First Nationwide Bank*. Instead, they ignore this and other binding or instructive cases cited in Defendants' opening brief, and seek to impose a standard that falls short of existing law. As Defendants' motion makes clear, New York and Texas courts have consistently required that, beyond showing that it would not have entered into a transaction "but for" the defendant's conduct, a fraud plaintiff must prove that its damages were *directly caused* by the defendant and be independent of other factors.

To the extent courts have invoked the notion of "substantial factor," they have generally done so as part of the "but for" analysis. In other words, a plaintiff alleging fraud must establish, in order to prove *transaction causation*, that the defendant's misrepresentation was a "substantial factor in inducing him to act or refrain from acting." *See, e.g., Matthews v. Schusheim*,

6

346 N.Y.S.2d 386, 391 (2d Dep't 1973) ("[I]t is not necessary that the representation have been the exclusive cause of plaintiff's action or non-action; it is sufficient that *but for the representation plaintiff would not have acted or refrained from acting, that is, that the representation was a substantial factor in inducing him to act or refrain from acting*") (emphasis added).  This analysis does not establish loss causation, however, which in the context of fraud claims requires additional proof that the defendant's actions were the direct cause of the plaintiff's losses.[4]

      Accordingly, to survive Defendants' instant motion, Plaintiffs needed to adduce specific evidence showing that their losses were the *direct result* of the subject of Defendants' alleged misrepresentations (*i.e.,* the Challenged Transactions) and were independent of other causes.  *See, e.g.*, *Revak v. SEC Realty Corp.*, 18 F.3d 81, 89-90 (2d Cir. 1994) ("The requisite causation is established only where the loss complained of is a direct result of the defendant's wrongful actions and independent of other causes."); *Kregos v. Associated Press*, 3 F.3d 656, 665 (2d Cir. 1993) ("[L]osses must be the direct, immediate, and proximate result of the misrepresentation.  The damages must also be independent of other causes."); *Thomas v. Beckering*, 391 S.W.2d 771, 776 (Tex. Civ. App. Tyler 1965) ("In the case of fraud, there must be a causal connection between the statement and the damages sustained.").[5]  Plaintiffs cannot make – and, indeed, do not even attempt to make – that showing.  Moreover, even if some courts – such as *McDaniel* – have invoked the words "substantial factor" in the context of proximate cause, the result here would be exactly the

---

[4]    Plaintiffs themselves seem to understand and concede that the "substantial factor" requirement relates solely to the "but for" prong of proximate cause, stating: "Plaintiffs will establish at trial that the Defendants' actions in assisting Enron's October 25, 2001 fraud on the Lenders *were a substantial factor in causing the Lenders to lend money to Enron that day* . . . ."  Plfs. Opp. at 2 (emphasis added).  Even if this were true, which Defendants dispute, it would, at most, establish transaction causation.

[5]    Plaintiffs cite *Hydro Investors, Inc. v. Trafalgar Power Inc.*, 227 F.3d 8 (2d Cir. 2000), for the proposition that Defendants' actions need not be the "sole cause" of their losses.  *Hydra,* however, dealt with the elements of a professional malpractice claim arising out of an engineer's alleged negligence.  It did not involve fraudulent inducement claims or aiding-and-abetting claims and so has no application here.  Moreover, the cases cited by the court in *Hydra* offer no support for Plaintiffs' position.  *See id.* at 15.

same because Plaintiffs point to no evidence whatsoever to show that the Challenged Transactions were the cause, "substantial" or otherwise, of their losses.

**B.    Plaintiffs Have Adduced No Evidence That Defendants Directly Caused Plaintiffs' Losses**

Plaintiffs concede that the damages they seek in these actions are predicated on Enron's failure to fully repay the original lenders. *See* Stmt. ¶¶ 1-14. However, the record contains no evidence from which Plaintiffs can prove that the Challenged Transactions caused this failure. *See* Opening Brief at 18-19. Although, as already noted, Defendants do not bear the burden of establishing what caused Plaintiffs' losses, they have shown – and Plaintiffs have not disputed – that many other factors besides the Challenged Transactions could have been the cause. Indeed, Plaintiffs do not dispute that Enron pursued numerous business projects that failed and siphoned billions of dollars out of the company. *See* Opening Brief at 8-10; Pls. Stmt. Response to ¶ 16.

There is absolutely no evidence in the record to prove that the Challenged Transactions played any role in, let alone were the proximate cause of, Enron's failure to fully repay the Lenders. In fact, Plaintiffs have not cited a stitch of evidence on this issue in their opposition to this motion and, much to the contrary, *have conceded* that the Challenged Transactions provided Enron with billions of dollars of financing. *See* Pls. Stmt. Responses to ¶¶ 15, 26. Therefore, on this record, Plaintiffs have utterly failed to show both that Defendants' actions were the "independent" cause of their injuries, and that those actions were the reason why entering into the Credit Agreements "turned out to be a losing [transaction]" for them. *First Nationwide Bank*, 27 F.3d at 769.

The Seventh Circuit's decision in *Bastian*, 892 F.2d 680, is instructive. There, the plaintiffs invested $600,000 in oil and gas limited partnerships promoted by the defendants and suffered damages three years later when the partnerships became worthless. The plaintiffs sued the defendants, alleging that, had it not been for the offering memoranda's misrepresentations and

8

misleading omissions concerning the defendants' competence and integrity, the plaintiffs would not have invested in these partnerships.[6]  In pressing their claims, the plaintiffs argued that "it should be enough to allege that they would not have invested [in the partnerships] but for the fraud; for if they had not invested, they would not have lost their money, and the fraud was therefore the cause of their loss."  *Id.* at 683.  The court roundly rejected this argument, stating:

> The plaintiffs alleged that they invested in the defendants' limited partnerships because of the defendants' misrepresentations, and that their investment was wiped out.  But they suggest no reason *why* the investment was wiped out.  They have alleged the cause of their entering into the transaction in which they lost money but not the cause of the transaction's turning out to be a losing one.

*Id.* at 684 (emphasis in original).  The court explained that other factors, such as the steady decline in the price of oil, could have been the cause of the plaintiffs' damages.  The plaintiffs' failure to allege otherwise required dismissal of their claims.  *Id.*

Here, after months of discovery, Plaintiffs cannot point to any evidence, nor have they even attempted to do so, showing that Defendants' actions "were the cause of the transaction's turning out to be a losing one."  The "facts" recited by Plaintiffs in their brief and Statement of Material Facts, *at most*, go to the question of "but for" causation; that is, the claim that Defendants' alleged misrepresentations *induced* the Lenders to enter into the Credit Facilities and fund them on October 25, 2001.  Nowhere do Plaintiffs argue, let alone point to any evidence, that Defendants' transactions with Enron directly caused Plaintiffs' losses.[7]

---

[6]  Although the plaintiffs' claims were brought under the federal securities laws, the court explained that its loss causation analysis was identical to "the standard common law fraud rule" of proximate cause.  *Bastian,* 892 F.2d at 683-84.

[7]  Although Defendants strongly reject Plaintiffs' claim that they foresaw Plaintiffs' losses, the Court need not consider the question of "foreseeability" because, as discussed above, that question does not address whether Defendants' actions were the direct cause of Plaintiffs' losses, which is the subject of this motion.

**C.    Summary Judgment Must be Granted Where the Record Contains No Evidence Showing Proximate Cause**

Plaintiffs contend that "[p]roximate cause is not generally appropriate for summary judgment." Plfs. Opp. at 17.  As Defendants established in their opening brief, however, summary judgment is not only appropriate, but *required* where, as here, a party fails to produce any evidence on an essential element of its claim.  *See Powell*, 364 F.3d at 84 ("Summary judgment *shall be granted* when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  This form of relief is appropriate when, after discovery, the party – here plaintiff – against whom summary judgment is sought, has not shown that evidence of an essential element of her case – one on which she has the burden of proof – exists.") (citation omitted; emphasis added); *see also Salahuddin*, 467 F.3d at 281 (same).[8]

CONCLUSION

JPMorgan Chase and Citigroup are entitled to the entry of summary judgment because Plaintiffs have failed to meet their burden of adducing evidence of a direct causal link between the actions they allege were fraudulent and were the subject of the alleged misrepresentations – namely, the Challenged Transactions or Enron's accounting for them – and the economic losses they allegedly suffered.   Respectfully, Defendants' motion should be granted.

---

[8]    Plaintiffs' suggestion, *see* Plfs. Opp. at 17 n.12, that only a "few cases" have so concluded is patently wrong.  In addition to the several cases cited in Defendants' opening brief (at 17), numerous other courts within this Circuit have granted summary judgment in favor of a defendant where a plaintiff has failed to show that its losses were the direct result of the defendant's alleged misrepresentations.  *See, e.g.*, *Goldberg v. Mallinckrodt, Inc.*, 792 F.2d 305, 307 (2d. Cir. 1986); *Cumberland Oil Corp. v. Thropp*, 791 F.2d 1037, 1038 (2d Cir. 1986); *Unterberg Harris Private Equity Partners, L.P. v. Xerox Corp.*, 995 F. Supp. 437, 442 (S.D.N.Y. 1998).  *Bank Brussels Lambert v. Chase Manhattan Bank*, No. 93 Civ. 5298, 1996 WL 609439 (S.D.N.Y. Oct. 23, 1996), which Plaintiffs cite, does not compel a different result.  The district court in *Bank Brussels* denied summary judgment specifically because "the sorting out of the impacts of different causes will require a thorough factual inquiry covering the duration of the loan."  *Id*. at *5.  Here, by contrast, there is no need for the Court to sort through the different causes of Enron's inability to repay the lenders because Plaintiffs have completely failed to muster *any* evidence that the Challenged Transactions proximately caused their losses.

Dated:  June 12, 2008

Respectfully submitted,


/s/ Thomas C. Rice_____
Thomas C. Rice
David J. Woll
Alan C. Turner
Gabriel Torres
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, NY  10017
Telephone:  (212) 455-2000
Facsimile:  (212) 455-2502
trice@stblaw.com

*Attorneys for Defendants JPMorgan Chase & Co.,
JPMorgan Chase Bank, N.A., and J.P. Morgan
Securities Inc.*



/s/ Michael E. Gertzman_____
Brad S. Karp
Richard A. Rosen
Michael E. Gertzman
Claudia L. Hammerman
Robyn F. Tarnofsky
Julia Tarver Mason
Jonathan H. Hurwitz
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019-6064
(212) 373-3000
(212) 757-3990 (Facsimile)
mgertzman@paulweiss.com

*Attorneys For Defendants Citigroup Inc., Citibank
N.A., and Citigroup Global Markets Inc. (f/k/a
Salomon Smith Barney Inc.)*


11