IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- X
DK ACQUISITION PARTNERS, L.P.,
KENSINGTON INTERNATIONAL LIMITED,
RUSHMORE CAPITAL-I, L.L.C., RUSHMORE
CAPITAL-II, L.L.C., and SPRINGFIELD
ASSOCIATES, LLC.,

            Plaintiffs,

      v.            Civil Action No. 08 Civ. 0446 (LTS)

JPMORGAN CHASE & CO., JPMORGAN
CHASE BANK, N.A., J.P. MORGAN
SECURITIES, INC., CITIGROUP INC.,
CITIBANK, N.A. and CITIGROUP GLOBAL
MARKETS, INC. f/k/a Salomon Smith Barney,

            Defendants.
---------------------------------------------------------------- X

## DECLARATION OF RICHARD ANDREW SWALLOW

I, Richard Andrew Swallow, hereby declare the following under penalty of perjury under the laws of the United States of America and the State of New York:

1.   I am an attorney duly licensed to practice in England and Wales. I studied law at Gonville and Caius College from 1986 until 1989 and completed my Law Society Final Examination at Guildford College of Law in 1990. I was admitted to practice law as a Solicitor in England and Wales in 1993.

2.   I joined the law firm of Slaughter and May in 1991 and have been a partner at Slaughter and May since 2000. I specialize in commercial litigation, arbitration, and dispute resolution and have been practicing for 15 years.

3.  I submit this declaration in support of the motion for summary judgment submitted herewith by defendants JPMorgan Chase & Co., JPMorgan Chase Bank, N.A., and J.P. Morgan Securities, Inc. in the above-captioned case.

4.  In this declaration, I explain matters of English law relevant to an issue arising in this case.

## Issue Estoppel under English Law

5.  The doctrine of issue estoppel under English law prevents relitigation of matters decided by a prior final judgment in a suit between the same parties or their privies. *Thoday v. Thoday* [1964] P. 181, 198 (C.A.) (opinion of Diplock), cited with approval in *Thrasyvoulou v. Secretary of State for the Environment* [1990] 2 A.C. 273, 295-296 (H.L.) (opinion of Lord Guest); *Carl Zeiss Stiftung v. Rayner & Keeler Ltd.* [1967] 1 A.C. 853, 935 (H.L.) (opinion of Lord Guest); *Midland Bank Trust Co., Ltd., v. Green* [1980] Ch. 590, 607; Spencer Bower, Turner & Handley, *The Doctrine of Res Judicata*, at paragraph 19 (3rd ed., 1996).

6.  Five elements must be satisfied in order for issue estoppel to apply. *First*, the question raised in the proceeding in which the estoppel is sought must be the same question answered in the prior judgment. *Second*, the determination of that question in the prior judgment must have been a necessary step in the decision in the prior case though it need not have been directly the point in issue. *Third*, the prior judgment must have been a judicial one pronounced by a tribunal with jurisdiction over the parties and the subject matter. *Fourth*, the prior judicial decision must have been final and on the merits. *Fifth*, the parties in the proceeding in which the estoppel is sought must be the same parties that participated in the prior litigation, or the privies of these parties. *See Carl Zeiss Stiftung* [1967] 1 A.C. at 935; *Midland Bank Trust Co., Ltd.*

[1980] Ch. at 607; *R v Hartington, Middle Quarter Inhabitants* (1855) 4 E. & B. 780, 794; *Hoystead v Commissioner of Taxation* [1926] A.C. 155, 170-171 (J.C.P.C.); *Re Norway's Application (No 2)* [1990] 1 A.C. 723, 743, 751-752 (C.A.); Spencer Bower, Turner & Handley, at paragraph 19 and chapter 7.

    7.  As the English Court of Appeal recently confirmed, "[i]n English law, *res judicata* estoppels operate for or against not only the parties, but those who are privy to them in interest, and privies include any person who is identified in estate or interest, and accordingly 'assignees will be bound as privies of the assignor.'" *Kolden Holdings Ltd v Rodette Commerce Ltd* [2008] 1 C.L.C. 1 at 25-26 (citing Spencer Bower, Turner & Handley, at paragraphs 231-2 and *Effem Foods Pty Ltd v Trawl Industries Pty Ltd* (1993) 43 FCR 510 at 540-2.).

    8.  The decision rendered in *Mahonia Limited and JPMorgan Chase Bank v. WestLB AG*, a true and correct copy of which is attached to the Affidavit of Alan C. Turner submitted herewith, was a judicial one pronounced by the High Court of Justice of England and Wales. That court properly had jurisdiction over the parties and subject matter. Further, the decision is final and was made on the merits in the relevant sense. The decision will remain final, pursuant to order of the High Court of 22 October 2004 whereby WestLB consented that it "shall not make any application to the Court to appeal, or for permission to appeal, in respect of any aspect of the proceedings [in *Mahonia Limited and JPMorgan Chase Bank v. WestLB AG*]". A true and correct copy of the official High Court order is attached hereto as Exhibit A.

I declare under penalty of perjury under the laws of the United States of America and the State of New York that the foregoing is true and correct.

Executed on July 9/6, 2008 in London, England

_____
Richard A. Swallow

# EXHIBIT A

CLAIM NO. 2001 FOLIO 1400

**IN THE HIGH COURT OF JUSTICE**
**QUEEN'S BENCH DIVISION**
**COMMERCIAL COURT**

Mr Justice Cooke

[Stamp: SUPREME COURT OF JUDICATURE, 21 OCT 2004, ADMIRALTY & COMMERCIAL REGISTRY]

**BETWEEN:**

**MAHONIA LIMITED**

Claimant/Part 20 Defendant

-and-

**JPMORGAN CHASE BANK**

**Part 20 Defendant**

-and-

**WESTLB AG**

**Defendant/Part 20 Claimant**

---

ORDER

---

**UPON the trial of this case**

**IT IS ORDERED THAT:**

1   Judgment be entered for the Claimant ("Mahonia") in the sum of US$165 million (the "Principal Sum").

2   The Defendant/Part 20 Claimant's ("WestLB") claim against the Part 20 Defendant ("Chase") and Mahonia be dismissed.

**UPON the parties having agreed the following terms**
**BY CONSENT**
**IT IS ORDERED THAT:**

3   Mahonia and Chase having acknowledged receipt from WestLB on 18 August 2004 of the Principal Sum and the further sum of US$6,083,007.43 paid on account of costs and interest, WestLB shall pay Mahonia and Chase the further sum of US$33,916,992.57 in full and final settlement of

both the costs of Mahonia and Chase, any claim for interest on those costs and also all interest due on the Principal Sum and such payment shall extinguish any obligation, right or liability, whether arising from court order or otherwise, to make any payment of costs arising out of or in connection with this action. WestLB shall make such payment within 28 days of the date of this order.

4   WestLB shall not make any application to the Court to appeal, or for permission to appeal, in respect of any aspect of the proceedings.

5   Save as provided for in paragraph 3 above, there be no order as to the costs of the Claim or of the Part 20 Claim.

22nd Day of October 2004

2

**CLAIM NO. 2001 FOLIO 1400**

**IN THE HIGH COURT OF JUSTICE**

**QUEEN'S BENCH DIVISION**

**COMMERCIAL COURT**

BETWEEN:

**MAHONIA LIMITED**

**Claimant/Part 20 Defendant**

- and -

**JPMORGAN CHASE BANK**

**Part 20 Defendant**

-and-

**WESTLB AG**

**Defendant/Part 20 Claimant**

---

**CONSENT ORDER**

---

**Slaughter and May**
**One Bunhill Row**
**London EC1Y 8YY**

Ref: RAS/JDPC

LT042950002